# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| APEX COLORS, INC., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO.: 2:14-CV-273-PRC |
| | ) |
| CHEMWORLD INTERNATIONAL LIMITED, INC., CHEMWORLD INTERNATIONAL LIMITED, LLC, ATUL MODI, and MANOJ MODI, | ) ) ) ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Quash or Modify Nine (9) Subpoenas or for Protective Order [DE 44], filed by Defendants on November 21, 2014. Plaintiff filed a response on November 25, 2014, and Defendants filed a reply on December 3, 2014. This matter is also before the Court on a Motion to Quash or Modify Subpoena to Polymer Concentrates or for Protective Order [DE 71], filed by Defendants on December 9, 2014. Because the more recent motion is identical in almost all material respects to the original motion, with one exception discussed below, the Court rules on both without further briefing on the latter.

On September 28, 2014, Defendants filed a Motion for Partial Summary Judgment, Brief in Support, and Affidavits of Craig Weadon and Paul Bykowski, the former president of Plaintiff. The Court has stayed briefing on the Motion for Summary Judgment and has set a deadline of January 15, 2015, for limited discovery related to the pending Motion for Preliminary Injunction and to allow the parties to attempt private mediation or other alternative dispute resolution. Although Defendants' November 21, 2014 Motion to Quash implies that no protective order had been entered in this case, on November 18, 2014, the Court issued an Agreed Protective Order presented by the parties.

On November 6 and 7, 2014, Plaintiff served nine non-party subpoenas. On December 1, 2014, Plaintiff served a tenth non-party subpoena. Federal Rule of Civil Procedure 45(d)(3) sets out the requirements for moving to quash a subpoena:

> (3) Quashing or Modifying a Subpoena.
>   (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>     (i) fails to allow a reasonable time to comply;
>     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>     (iv) subjects a person to undue burden.
>   (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
>   (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
>     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
>     (ii) ensures that the subpoenaed person will be reasonably compensated.

Fed. R. Civ. P. 45(d)(3).

In the instant motions, Defendants ask the Court to quash or modify the subpoenas for three reasons:

1) The respondents have not been provided with a reasonable time to search for records that are at least five years old.

2) The non-party respondents are being asked to disclose confidential, privileged, and protected information relating to the sale and marketing of "pigments," which Defendants explain are different in nature and composition from "dyes" and which Defendants assert are not sold or marketed by Plaintiff.

2

3) The subpoenas seek nothing more than a "market analysis" of Defendants' customers purchase habits, designed to disclose sensitive and confidential information about the type and volume of products purchased, to be used for purposes other than to further Plaintiff's claim.

(Pl. Br. ¶ 6).

Plaintiff responds that Defendants' Motion to Quash and Emergency Motion to Stay "are the latest acts in a course of conduct meant to thwart and restrict [Plaintiff's] ability to conduct discovery as provided for in the Federal Rules of Civil Procedure." (Pl. Resp. 1). Plaintiff argues that Defendants do not have standing to object on behalf of the third party respondents, that Defendants' concerns regarding the purchasing habits of their customers are not argued to be trade secrets or confidential information, and that the documents sought by Plaintiff are relevant to the issues pending in this case.

As recognized in the Court's November 26, 2014 Order denying Defendants' Emergency Motion to Stay Response to Subpoenas, to the extent Defendants seek to protect the respondents from revealing respondents' own trade secrets or to protect the respondents from the time pressure of the subpoenas, Defendants do not have standing to do so. *See Powell v. Regency Hosp. of Nw. Indiana, LLC*, No. 2:10-CV-220, 2011 WL 1157528, at *2 (N.D. Ind. Mar. 28, 2011) ("As a general rule, a party lacks standing under Rule 45(c)(3) to challenge a subpoena issued to a nonparty unless the party claims a personal right or privilege with respect to the requested documents in the subpoena.") (citing *Mfr. Direct, LLC v. Directbuy, Inc.*, No. 2:05-cv-451, 2007 WL 496382, at *2 (N.D. Ind. Feb.12, 2007); *Teed v. JT Packard & Assocs., Inc.*, No. 10–MISC–23, 2010 WL 2925902, at *2 (E.D. Wis. July 20, 2010); *Barker v. Local 150, Int'l Union of Operating Eng'rs, AFL-CIO*, No. 08 C 50015, 2010 WL 934068, at *3 (N.D. Ill. Mar. 11, 2010)). Defendants do not articulate any personal right or privilege in the *respondents*' trade secrets. To date, none of the respondents have

3

filed a motion to quash with this Court. The Court denies the Motions to Quash on the first two articulated bases.

The Court turns to Defendants' third argument, which is that the discovery is not relevant and is designed solely to disclose sensitive and confidential information regarding Defendants' sales. Discovery is obtainable by a Rule 45 subpoena if it is relevant, which means that it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see Powell*, 2011 WL 1157528, at *3 (citing *Teton Homes Europe v. Forks R V*, No. 1:10-CV-33, 2010 WL 3715566, *2 (N.D. Ind. Sept. 14, 2010)). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Teton Homes*, 2010 WL 3715566, at *2 (internal quotation marks omitted) (quoting *Chavez v. Daimler Chrysler*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)).

Defendants argue that the discovery is not relevant because it seeks information related to "pigments," which are different in nature and composition from "dyes" and which are not sold or marketed by Plaintiff. However, Plaintiff's Complaint alleges: "Founded in 2001, [Plaintiff] is an industry leader in the certification and manufacture of specialty chemical products for sale to the plastics, coatings and ink industries. Namely, [Plaintiff] through its ISO certified laboratory, developed dye and *pigment* standards (the "color standards") and the test methods necessary to evaluate and approve commercial colorants, dyes and *pigments* and to certify quality of these products prior to shipment for manufacturing purposes." (Compl. ¶ 13) (emphasis added). Defendants do not reference Paragraph 13 of the Complaint in either of their motions.

Plaintiff argues that the product certifications are relevant to its claims of misappropriation of trade secrets and conspiracy to interfere with prospective business advantage by Defendants, as

Plaintiff alleges that Defendants used Plaintiff's standard lot numbers in Defendants' product certifications to customers in order to represent that the product being sold was the same or equivalent to that previously provided by Plaintiff and to gain that business from Plaintiff's current and prospective customers. Plaintiff denies that it is seeking a "market analysis" of Defendants' customers.

Through Affidavits submitted by both parties, there is some evidence of limited marketing, sales, and certification of pigments by Plaintiff. The parties' dispute as to the extent of this portion of Plaintiff's business does not make the discovery less relevant. That Plaintiff did not enter the market or did not have a substantial amount of business related to pigments does not make their allegedly proprietary information regarding pigments less proprietary. In addition, Defendants essentially recognize that the issue of pigment certifications and color tolerances are relevant because Defendants point out that their early-filed Motion for Partial Summary Judgment is based on the assertion that Bykowski used PolySolve's standards for certifications and color tolerances and did not use Plaintiff's standards for pigments. Thus, the discovery is relevant.

The question nevertheless remains whether the subpoenas seek Defendants' confidential commercial information and proprietary marketing information meriting protection under Rule 45(d)(3)(B)(i). Defendants assert that Plaintiff is merely seeking a "market analysis" of Defendants' customers and that the production of the certifications will "disclose the identity of Chemworld's customers, the type and amount of products purchased, and possibly, the price paid." (Def. Motion, Ex. 1, ¶ 18). Defendants contend that this includes the nature of formula requirements and customers' needs, none of which may be known to Plaintiff but for the documents disclosed in response to the subpoenas. In a supplemental Affidavit attached to Defendants' reply brief, Bykowski represents that the subpoenas will reveal Defendant Chemworld's pricing information,

product list sold to particular customers, and color tolerances certified using standards that are not Plaintiff's standards. This all constitutes confidential commercial information.

However, the Court finds that this commercial information will remain confidential with the Protective Order in place in this case with an additional protection ordered by the Court herein. The Agreed Protective Order entered in this case on November 18, 2014, contains a provision for the protection of information provided by third parties: "Documents obtained from third-party agencies or organizations by way of subpoena or discovery shall not be considered confidential unless so designated within three (3) days of disclosure of the documents to opposing counsel and shall not be disclosed to the parties during that three (3) day period." (Docket entry 43, ¶ 1(C)). The Protective Order limits disclosure of "Confidential Information" to counsel (and their partners and staff) for the interested parties and to court officials. *See* Nov. 18, 2014 Protective Order ¶ 2.A. However, the "Confidential Information" may be disclosed to non-parties or outside consultants or experts but only to the extent reasonably necessary to prepare testimony or provide consultative or expert services. *Id*. at ¶ 2.B.(ii)-(iii). And, Confidential Information can be disclosed to the interested parties but only to the extent reasonably necessary for such interested parties to assist counsel in representing their interests in the litigation.

Defendants are concerned that their confidential commercial information contained within the documents designated as "Confidential Information" will be disclosed to the principals through a means permitted in the Protective Order, such as in preparation for a deposition, revealing Defendants' confidential commercial information to its competitor. Thus, to provide an additional protection to Defendants' confidential marketing information from disclosure to the principals of Plaintiff, the interested party, the Court **ORDERS** that, for any documents produced pursuant to the subpoenas at issue on these motions that Defendants designate as "Confidential Information," counsel for Plaintiff is **PROHIBITED** from disclosing the documents to anyone, whether a principal

of Plaintiff, a party, a deponent, a consultant, an expert, or anyone else, notwithstanding the provisions of the Protective Order, without first obtaining permission of the Court by filing a motion. Before making such a motion, counsel for Plaintiff must redact to the extent reasonably possible, all confidential commercial information from the documents designated as "Confidential Information" that is not necessary for the purpose for which counsel for Plaintiff seeks to use the documents. Any such motion must explain the necessity of the use of the document designated as Confidential Information, must file under seal a full copy of the document counsel seeks to use, and must file under seal the redacted version of the document. The documents filed under seal must be served on Defendants.

Based on the foregoing, the Court hereby **DENIES** the Motion to Quash or Modify Nine (9) Subpoenas or for Protective Order [DE 44], **DENIES** the Motion to Quash or Modify Subpoena to Polymer Concentrates or for Protective Order [DE 71], and **ORDERS** counsel for Plaintiff to comply with this Order regarding the disclosure of information produced as a result of these subpoenas to anyone, notwithstanding the provisions of the November 18, 2014 Protective Order.

SO ORDERED this 16th day of December, 2014.

                                           s/ Paul R. Cherry
                                           MAGISTRATE JUDGE PAUL R. CHERRY
                                           UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record