# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| APEX COLORS, INC., an Illinois Corporation, ) | | |
|         Plaintiff, ) | | |
| ) | | |
| v. ) | Cause No. 2:14-CV-273-PRC | |
| ) | | |
| CHEMWORLD INTERNATIONAL LIMITED, ) | | |
| INC., CHEMWORLD INTERNATIONAL ) | | |
| LIMITED, LLC, ATUL MODI, and MANOJ ) | | |
| MODI, ) | | |
|         Defendants. ) | | |

## OPINION AND ORDER

This matter is before the Court on a Joint Motion to Consolidate 2:14-CV-456 with 2:14-CV-273 Pursuant to Local Rule 42-2 [DE 81], filed by the parties on December 17, 2014. The parties request that this matter be consolidated with Apex Colors Inc. v. Paul Bykowski, cause number 2:14-CV-456-JEM.

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Consolidation is appropriate for "cases that share the same questions of law or fact and where consolidation would not result in prejudice to any party." *Back v. Bayh*, 933 F. Supp. 738, 748 (N.D. Ind. 1996) (citing *Fleishman v. Prudential-Bache Sec.*, 103 F.R.D. 623, 624 (E.D. Wis. 1984)). Courts "consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results" as well as "the possibility of juror confusion or administrative difficulties." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008).

On July 22, 2013, Apex filed a lawsuit against Paul Bykowski in cause number 2:13cv247. On March 14, 2014, Bykowski filed for bankruptcy protection in Northern District of Indiana Bankruptcy Case No. 2:14-20714. On June 6, 2014, Apex filed an Adversary Complaint seeking to

avoid Bykowski's discharge pursuant to 11 U.S.C. § 523. Apex's Adversary Complaint incorporated the same essential facts that were pending against Bykowski in the original Bykowski litigation.

On August 5, 2014, Apex filed the instant Chemworld litigation, which involves the same operative facts as the Adversary Complaint in the Bykowski bankruptcy matter.

On October 21, 2014, Apex filed a Motion to Withdraw the Reference of the Bykowski Adversary Complaint. On November 21, 2014, the Honorable Kent Lindquist filed a recommendation that the reference for the Bykowski Adversary Complaint be withdrawn. On December 12, 2014, the Bykowski Adversary Complaint was transferred to the District Court for consideration in the new cause number 2:14-CV-456. On December 16, 2014, the parties in 2:14-CV-456 consented to magistrate judge jurisdiction.

These two matters should be consolidated for all purposes because the litigation involves all of the same operative facts and parties and would provide for the most efficient resolution of the common claims against Bykowski and the Chemworld Defendants.

Accordingly, in the interest of judicial economy, the Court hereby **GRANTS** the Joint Motion to Consolidate 2:14-CV-456 with 2:14-CV-273 Pursuant to Local Rule 42-2 [DE 81] and **ORDERS** consolidation of cause numbers 2:14-CV-273-PRC and 2:14-CV-456-JEM.

All future filings shall be made in 2:14-CV-273-PRC **only**.

SO ORDERED this 18th day of December, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record