# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| APEX COLORS, INC., )<br>　　Plaintiff, )<br>　　 )<br>　　v. )<br>　　 )<br>CHEMWORLD INTERNATIONAL LIMITED, )<br>INC., CHEMWORLD INTERNATIONAL )<br>LIMITED, LLC, ATUL MODI, and MANOJ )<br>MODI, )<br>　　Defendants. )<br>_____ )<br>　　 )<br>APEX COLORS, INC., )<br>　　Plaintiff, )<br>　　 )<br>　　v. )<br>　　 )<br>PAUL BYKOWSKI, )<br>　　Defendant. )<br>_____ )<br>　　 )<br>CHEMWORLD INTERNATIONAL LIMITED, )<br>INC., CHEMWORLD INTERNATIONAL )<br>LIMITED, LLC, ATUL MODI, MANOJ MODI, )<br>and PAUL BYKOWSKI, )<br>　　Counterclaimants, )<br>　　 )<br>　　v. )<br>　　 )<br>APEX COLORS, INC., )<br>　　Counterclaim Defendant. ) | CAUSE NO.: 2:14-CV-273-PRC |

**OPINION AND ORDER**

This matter is before the Court on Apex Colors, Inc.'s Motion to Dismiss Defendants' Counterclaim Pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 267], filed by Plaintiff/Counterclaim Defendant Apex Colors, Inc. ("Apex") on May 13, 2015.

Apex filed its Amended Complaint on April 8, 2015. On May 4, 2015, Defendants filed an Answer and Counterclaim. The Counterclaim contains two counts: "Counterclaim for Abuse of Process and Malicious Prosecution" (Count I) and "Cancellation of MegaSpecks Trademark Pursuant to 15 U.S.C. § 1064" (Count II). The Motion to Dismiss Counterclaim is fully briefed and ripe for ruling.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## MOTION TO DISMISS STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see*

*also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Apex seeks dismissal of both counts in the Counterclaim. The Court considers the motion as to each in turn.

### A. Count I–Abuse of Process and Malicious Prosecution

Count I of the Counterclaim for abuse of process and malicious prosecution is premised on allegations that Apex's litigation is being pursued for an ulterior motive. The parties agree that Indiana substantive law applies to these claims. *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009).

*1.    Abuse of Process*

The elements for abuse of process under Indiana law are (1) an ulterior purpose or motive and (2) a willful act in the use of process not proper in the regular conduct of a proceeding. *Estate of Mayer v. Lax, Inc.*, 998 N.E.2d 238, 250 (Ind. Ct. App. 2013); *Lindsay v. Jenkins*, 574 N.E.2d 324, 326 (Ind. Ct. App. 1991).

For an abuse of process claim, "[i]f a party's 'acts are procedurally and substantively proper under the circumstances' then his intent is irrelevant." *Watson v. Auto Advisors, Inc.*, 822 N.E.2d 1017, 1029 (Ind. Ct. App. 2005). "A party may not be held liable for abuse of process if the 'legal

3

process has been used to accomplish an outcome which the process was designed to accomplish.'" *Id.* "'A party's intent is irrelevant where his acts are procedurally and substantively proper under the circumstances.'" *Reichart v. City of New Haven*, 674 N.E.2d 27, 31 (Ind. Ct. App. 1997). "Put another way, 'there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion.'" *Id.* (citation omitted). Moreover, the claim of abuse of process was not intended to address allegations of a frivolous lawsuit. *Nat'l City Bank, Ind. v. Shortridge*, 689 N.E.2d 1248, 1253 (Ind. 1997) ("This standard contemplates something more on the part of an attorney filing suit than a questionable belief as to the merits of a case, or the failure to fully investigate all the facts prior to initiating suit.").

Defendants' claim for abuse of process is based solely on an allegation that the litigation is being pursued for an ulterior motive. Defendants do not allege that Apex has done anything in this case that is procedurally improper, such as failing to give proper notice or noticing a hearing when it is known that Defendants are unavailable. Like the allegations in the case cited by Defendants in their response brief, *CDW LLC v. NETech Corp.*, No. 1:10-cv-530, 2011 WL 3844160, at *6 (S.D. Ind. Aug. 26, 2011), Defendants' factual allegations relate only to the ulterior motive prong of the test but do not relate to the propriety of Apex's use of the judicial process–a distinct issue. As a result, Defendants have failed to state a claim for abuse of process. The Motion to Dismiss is granted as to the claim for abuse of process in Count I, which the Court dismisses without prejudice.

2.      *Malicious Prosecution*

The elements for malicious prosecution under Indiana law are that (1) the defendant instituted a cause of action against the plaintiff, (2) the defendant acted maliciously in doing so, (3)

4

the defendant had no probable cause to institute the action, and (4) the original action was terminated in the plaintiff's favor. *Estate of Mayer*, 998 N.E.2d at 250.

Apex moves for dismissal of the claim of malicious prosecution in Count I because Defendants have not alleged that there was a termination in their favor of the original action that they claim was maliciously prosecuted. Defendants offer no response in support of this claim. Because the claim is based on the present litigation, which is still pending, the claim cannot proceed. The Motion to Dismiss is granted as to the claim for malicious prosecution in Count I, which the Court dismisses without prejudice.

### B. Count II–Cancellation of the MegaSpecks Trademark

Count II of the Counterclaim for cancellation of the MegaSpecks trademark pursuant to 15 U.S.C. § 1064 asks the Court for a declaration cancelling the MegaSpecks trademark as having been obtained by fraud and false statements.

First, Apex seeks dismissal of the claim on the basis that it is improperly brought under § 1064, which Apex correctly notes applies only to trademark cancellation proceedings in the Patent and Trademark Office. *Fenwick v. Dukhman*, No. Civ. A 13-4359, 2015 WL 1307382, at *8 (D.N.J. Mar. 20, 2015) ("However, it is beyond argument that § 1064 applies only to trademark cancellation proceedings in the Patent and Trademark Office . . . ." (citing cases)); *see also Specht v. Google Inc.*, 747 F.3d 929, 936 (7th Cir. 2014) (recognizing that a claim under § 1064 is brought before the Patent and Trademark Office).

However, the district court has authority to cancel a trademark registration under 15 U.S.C. § 1119. *Specht*, 747 F.3d at 936. Section 1119 provides:

> In any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore

5

canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

5 U.S.C. § 1119.

In *Specht*, the plaintiff brought claims under the Lanham Act for trademark infringement (15 U.S.C. § 1114(1)) and unfair competition (15 U.S.C.§ 1125(a)). The defendant filed a two-count counterclaim, seeking a declaration that the plaintiff had abandoned the mark and asking the court to cancel the plaintiff's mark. *Specht*, 747 F.3d at 932. The Seventh Circuit Court of Appeals affirmed the district court's ruling that the plaintiff had abandoned the mark. *Id*. at 935. The court then found that the district court's cancellation of the mark was proper, even though the district court cited 15 U.S.C. § 1064, which applies to actions before the Patent and Trademark Office, because 15 U.S.C. § 1119 grants the district court the authority to cancel the trademark registration. *Id*. at 936. The court recognized that, "'[w]here, as here, a registrant's asserted rights to a mark are shown to be invalid, cancellation is not merely appropriate, it is the best course." *Central Mfg.*, 492 F.3d at 883.

Like in *Specht*, this case "involves" the registered MegaSpecks trademark because Count V of Apex's Amended Complaint alleges that Defendants infringed Apex's MegaSpecks trademark in violation of 15 U.S.C. § 1114. "An action for trademark infringement can only succeed if, among other things, the plaintiff owns the mark." *Central Mfg., Inc. v. Brett*, 492 F.3d 876, 881 (7th Cir. 2007). In *Central Manufacturing*, the Seventh Circuit Court of Appeals affirmed the district court's finding that the plaintiff did not use the trademark in commerce, and, thus, despite the fact of registration, summary judgment for the defendant on the infringement claim was proper. *Id*. at 882-83. The court further affirmed the district court's invocation of 15 U.S.C. § 1119 to cancel plaintiff's

registration of the mark as a result of the ruling on the infringement claim. *Id.* at 883 ("Because a court's [trademark-related judgment] may raise doubts about the validity of a trademark registration, § 1119 arms the court with the power to update the federal trademark register to account for a mark's actual legal status (or lack thereof) after it has been adjudicated, thereby reducing the potential for future uncertainty over the rights in a particular mark.").

Thus, although Defendants improperly cite 15 U.S.C. § 1064, the Court in this case nevertheless has jurisdiction to determine the right to the registration and to cancel the registration under 15 U.S.C. § 1119. *See CIBER, Inc. v. CIBER Consulting, Inc.*, 325 F. Supp. 2d 886, 889 (N.D. Ill. 2004); *see also Central Mfg.*, 492 F.3d at 883; *Scandaglia v. Transunion Interactive, Inc.*, No. 09 C 2121, 2010 WL 3526653, at *6 (N.D. Ill. Sept. 1, 2010); *Gaffrig Performance Indus., Inc. v. Livorsi Marine, Inc.*, 2003 WL23144859, at *19 (N.D. Ill. Dec. 22, 2003) ("A party in an infringement suit is not barred from counterclaiming for cancellation merely because he never petitioned the PTO to cancel." (citing *Nancy Ann Storybook Dolls, Inc. v. Dollcraft Co.*, 197 F.2d 293, 295-96 (9th Cir. 1952)). Because the claim for cancellation can be brought under § 1119, Apex's second argument, that Defendants do not have standing to bring a claim for cancellation under § 1064, fails as well. *See CIBER, Inc.*, 325 F. Supp. 2d at 889-91 (recognizing that a counterclaim brought under § 1119 is not controlled by the justiciability analysis applicable to a petition brought under § 1064 before the Patent and Trademark Office (citing *Int'l Order of Job's Daughters v. Lindeburg & CO.*, 727 F.2d 1087 (Fed. Cir. 1984)). The Court denies the Motion to Dismiss Count II in the Counterclaim.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Apex Colors, Inc.'s Motion to Dismiss Defendants' Counterclaim Pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 267].

The Court **DISMISSES** without prejudice the claim for abuse of process in Count I.

The Court **DISMISSES** without prejudice the claim for malicious prosecution in Count I.

The claim for cancellation of Apex's MegaSpecks trademark in Count II remains pending pursuant to 15 U.S.C. § 1119.

So ORDERED this 10th day of September, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
