UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| APEX COLORS, INC., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CHEMWORLD INTERNATIONAL LIMITED, )<br>INC., CHEMWORLD INTERNATIONAL )<br>LIMITED, LLC, ATUL MODI, and MANOJ )<br>MODI, )<br>    Defendants. )<br>_____ )<br>)<br>APEX COLORS, INC., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PAUL BYKOWSKI, )<br>    Defendant. ) | CAUSE NO.: 2:14-CV-273-PRC |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Third Motion for Rule 11 Sanctions [DE 289], filed by Defendants on August 12, 2015. Defendants argue that Plaintiff Apex Colors, Inc.'s inclusion of Apex's "suppliers" as a "trade secret" is sanctionably frivolous. On September 4, 2015, Plaintiff's former attorneys filed a response, and on October 14, 2015, Plaintiff filed a response through its new counsel. Defendants did not file a reply, and the time to do so has passed.

On August 5, 2014, Plaintiff Apex Colors, Inc. filed a Complaint against Defendants Chemworld International Limited, Inc., Chemworld International Limited, LLC, Atul Modi, and Manoj Modi. The Complaint alleged claims of civil conspiracy to misappropriate Plaintiff's property (Count I), civil conspiracy to tortiously interfere with Plaintiff's prospective economic advantage (Count II), and misappropriation of Plaintiff's trade secrets in violation of the Indiana Trade Secrets

Act (Count III). On November 21, 2014, Judge Kent Lindquist filed a recommendation that the reference for the Adversary Complaint in Paul Bykowski's bankruptcy proceeding be withdrawn, and on December 12, 2015, the Adversary Complaint was transferred to District Court with the cause number 2:14cv456. On December 18, 2014, the Court consolidated cause number 2:14cv456 with the instant cause of action for all purposes. On April 8, 2015, Plaintiff filed an Amended Complaint with leave of Court, adding Paul Bykowski as a named Defendant in this action and adding claims of unfair competition (Count IV) and federal trademark infringement (Count V).

On April 16, 17, and 21, 2015, the Court held a hearing on Plaintiff's Motion for Preliminary Injunction, which the Court denied on June 30, 2015.

Defendant filed two previous motions for Rule 11 sanctions, both of which the Court denied on September 9, 2015.

Federal Rule of Civil Procedure 11(b) provides:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

The Rule further provides sanctions for a violation of Rule 11(b):

> **(c) Sanctions.**
>> **(1) In General.** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>>
>> **(2) Motion for Sanctions.** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
>>
>> **(3) On the Court's Initiative.** On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

Fed. R. Civ. P. 11(c).

The Court may impose sanctions under Rule 11(c) for "submissions that are filed for an improper purpose or without reasonable investigation of the facts and law necessary to support their claims." *Senese v. Chi. Area I.B. of T. Pension Fund*, 237 F.3d 819, 823-24 (7th Cir. 2001) (citing Fed. R. Civ. P. 11(b), (c); *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998); *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932-33 (7th Cir. 1989) (en banc)); *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993); *see also Cuna Mut. Ins. Soc'y v. Office and Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 561 (7th Cir. 2006) (recognizing that Rule 11(c) "allows courts to impose sanctions on a party if the requirements of Rule 11(b) are not met").

The burden is on the movant to show that Rule 11 sanctions are appropriate. *Signature Retail Servs., Inc. v. Darnell*, No. 12 C 7657, 2013 WL 1767716, at *2 (N.D. Ill. Apr. 24, 2013) (citing *Packaging Supplies, Inc. v. Harley-Davidson, Inc.*, No. 08C400, 2011 WL 5373975, at *6 (N.D. Ill. 2011) (referencing the "'high burden of showing that Rule 11 sanctions are warranted'") (quoting *Lundeen v. Minemyer*, No. 09 C 3820, 2010 WL 5418896, at *3 (N.D. Ill. 2010))). The Seventh Circuit Court of Appeals has recognized that "'[w]hile the Rule 11 sanction serves an important purpose, it is a tool that must be used with utmost care and caution.'" *Id*. (quoting *Fed. Deposit Ins. Corp. v. Tekfen Const. and Installation Co., Inc.*, 847 F.2d 440, 444 (7th Cir.1988)).

In this motion, Defendants argue that Plaintiff has frivolously alleged in the Amended Complaint that Paul Bykowski and the Chemworld Defendants have misappropriated the identity of the suppliers of Plaintiff's colorants on the basis that the identity of those suppliers is a trade secret. As of January 27, 2015, on its website, Plaintiff identified its "associate manufacturing partners" as "Aolunda High Tech Industries (China) and Retort Chemicals Ltd. (India)." (Def. Br. 3). Defendants equate these "associate manufacturing partners" with Plaintiff's "suppliers" and argue that Plaintiff cannot now claim that the identity of its "suppliers" is a trade secret because the identities of Aolunda High Tech Industries ("Aolunda") and Retort Chemicals Ltd. ("Retort") were available on Plaintiff's website.

This same issue was the basis of a motion by Plaintiff to overrule Defendants' objection to Plaintiff's Interrogatory No. 8 that asked Chemworld to disclose "all suppliers of colorants, dyes and pigments to Chemworld . . . for use in the plastics, inks and coatings industries for the past five years" and, for each supplier, to identify the date the supplier first supplied to Chemworld, the products supplied to Chemworld, and an identification of the date first supplied for each product.

Chemworld objected to Interrogatory No. 8 based on the "Nondisclosure and Noncompetition" provision of the employment contract between Plaintiff and Bykowski. The Court overruled the objection on the basis that the nondisclosure provision is not necessarily coextensive with information regarding Plaintiff's trade secrets. Defendants then filed a motion to reconsider on January 30, 2015, raising for the first time the very same basis raised in the instant motion for sanctions, namely that Plaintiff had identified Aolunda and Retort on its website and, thus, could not claim their identities as a trade secret. The Court denied the motion to reconsider as improperly attempting to narrow the dispositive issues and noting that the Court's January 21, 2015 Modified Protective Order included an "attorney's eyes only" provision that would protect Chemworld's confidential information.

In the instant motion, Defendants again equate the identity of Aolunda and Retort as "suppliers" but offer no evidence to support this assumption. In contrast, in their response, Plaintiff's former attorneys explain, with citation to testimony from the preliminary injunction hearing, that Aolunda and Retort are not Plaintiff's suppliers. Aolunda and Retort are associated manufacturing partners and provide due diligence alongside Plaintiff for Plaintiff's overseas manufacturer suppliers. At the hearing, Plaintiff provided generic testimony regarding its many manufacturer suppliers and did not disclose the identity of those suppliers. In addition, Aolunda and Retort were not involved with Plaintiff's domestic supply chain, which Plaintiff alleges it has kept confidential, and Defendants have not offered evidence to the contrary. Finally, former counsel represents that, when counsel for Defendants made the allegation that Aolunda and Retort were Plaintiff's suppliers, Apex provided counsel with a list of Plaintiff's suppliers and the list did not include either Aolunda

5

or Retort. In its response through current counsel, Plaintiff references prior counsel's response and reiterates that Aolunda and Retort are manufacturing partners and not suppliers.

The Court finds that the Defendants have not demonstrated that Plaintiff or Plaintiff's attorneys violated Rule 11(b) by including allegations in the Amended Complaint that Defendants misappropriated the identity of Plaintiff's suppliers.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendants' Third Motion for Rule 11 Sanctions [DE 289].

So ORDERED this 30th day of November, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT