UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| APEX COLORS, INC., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CHEMWORLD INTERNATIONAL LIMITED, )<br>INC., CHEMWORLD INTERNATIONAL )<br>LIMITED, LLC, ATUL MODI, and MANOJ )<br>MODI, )<br>    Defendants. )<br>_____ )<br>)<br>APEX COLORS, INC., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PAUL BYKOWSKI, )<br>    Defendant. ) | CAUSE NO.: 2:14-CV-273-PRC |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment and to Order All Dispositive Motions Be Filed After the Close of Discovery [DE 336], filed by Plaintiff Apex Colors, Inc. on October 8, 2015. Defendants filed a response on October 23, 2015, and Plaintiff filed a reply on October 30, 2015.

**PROCEDURAL BACKGROUND**

On July 22, 2013, Plaintiff Apex Colors, Inc. filed a Complaint against Paul Bykowski in Cause Number 2:13-CV-247, alleging claims of (1) breach of fiduciary duty (Count I), (2) breach of his employment contract (Count II), (3) conversion (Count III), (4) trespass (Count IV), (5) replevin (Count V), (6) tortious interference with prospective economic advantage (Count VI), (7) Indiana Trade Secrets Act (Count VII), and (8) computer tampering (Count VIII). On March 14,

2014, the Court was notified that Bykowski was a debtor in bankruptcy proceedings in the Northern District of Indiana, and on March 17, 2014, the Court issued an order recognizing that Cause Number 2:13-CV-247 was stayed pursuant to 11 U.S.C. § 362(a).

On June 6, 2014, Plaintiff filed an Adversary Complaint to Determine Dischargeability of Debt in Bykowski's bankruptcy proceeding, alleging (1) a claim of willful and malicious injury to property under 11 U.S.C. § 523(a)(6) (Count I), (2) a claim of embezzlement under 11 U.S.C. § 523(a)(4) (Count II), and (3) a claim of fraud or defalcation while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4) (Count III).

On August 5, 2014, Plaintiff filed the Complaint in the instant case under Cause Number 2:14-CV-273 against Defendants Chemworld International Limited, Inc., Chemworld International Limited, LLC, Atul Modi, and Manoj Modi. The Complaint alleged claims of (1) civil conspiracy to misappropriate Plaintiff's property (Count I), (2) civil conspiracy to tortiously interfere with Plaintiff's prospective economic advantage (Count II), and (3) misappropriation of Plaintiff's trade secrets in violation of the Indiana Trade Secrets Act (Count III). On October 8, 2014, Plaintiff filed a Motion for Preliminary Injunction on Count III. On October 16, 2014, the Court set the discovery deadline for January 15, 2015, for purposes of the preliminary injunction and ADR. The parties did not engage in ADR.

On November 21, 2014, Bankruptcy Judge Kent Lindquist filed a recommendation that the reference for the Adversary Complaint in Paul Bykowski's bankruptcy proceeding be withdrawn, and on December 12, 2015, the Adversary Complaint was transferred to the District Court with the cause number 2:14-CV-456. On December 18, 2014, the Court consolidated cause number 2:14-CV-456 with the instant cause of action for all purposes.

On April 8, 2015, Plaintiff filed an Amended Complaint with leave of Court, adding Paul Bykowski as a named Defendant in this action and adding claims of unfair competition (Count IV) and federal trademark infringement (Count V). Plaintiff also filed an Amended Motion for Preliminary Injunction on Counts III, IV, and V. The preliminary injunction hearing occurred on April 16, 17, and 21, 2015. On June 30, 2015, the Court issued an Opinion and Order denying the request for a preliminary injunction.

On August 15, 2015, Defendants filed a Motion for Summary Judgment, seeking judgment in their favor on Plaintiff's (1) trade secret claims (Count III), (2) unfair competition claim (Count IV), and (3) trademark infringement claim (MegaSpecks) (Count V). Defendants argue in that motion that, "[b]ased upon the exhaustive record established during the hearing on Apex's Amended Motion for Preliminary Injunction, including the testimony of nine witnesses and numerous exhibits, it is clear that all of Apex's claims must fail as a matter of law." (Def. Mot. 8).

On October 23, 2015, Plaintiff filed the instant Motion to Strike. Plaintiff asks the Court to strike the Motion for Summary Judgment in the basis that the Motion fails to comply with Federal Rule of Civil Procedure 56(c)(1) and Local Rule 56-1, the Motion impermissibly asks the Court to make inferences in favor of Defendants under the preliminary injunction standard, and the Motion will not dispose of all of Plaintiff's claims. Plaintiff also asks that dispositive motions only be permitted after the close of discovery. The Court considers each argument in the Motion to Strike in turn.

1.  *Statement of Material Facts*

Defendants move for summary judgment on the basis of undisputed material facts. The Federal Rules of Civil Procedure require a party that is asserting that a fact cannot be genuinely

3

disputed to cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Northern District of Indiana Local Rule 56-1 requires a moving party to include either in the brief or an appendix "a section labeled 'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56-1(a). The Seventh Circuit Court of Appeals has "'consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.'" *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013) (quoting *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004) (citing *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002))).

Plaintiff argues Defendants have failed to comply with both rules because their "Statement of Material Undisputed Facts" is largely devoid of citations to evidence. Plaintiff's argument is well taken. Most of the numbered paragraphs of facts do not contain any citation to supporting evidence. Defendants' "Appendix of Exhibits" is nothing more than a reference to the docket entries containing the transcript of the preliminary injunction hearing and the exhibits admitted during the hearing. At no point do Defendants correlate any of their purported "undisputed facts" with any specific pages in the hearing transcript or the exhibits. It appears that all of the narrative facts in Defendants' Brief in Support of Motion for Summary Judgment, *see* (docket entry 293), are lifted almost word for word from the "Conclusions of Law" section of the Court's June 30, 2015 preliminary injunction ruling, *see* (docket entry 280).

4

It is not the Court's job to identify the evidence to support Defendants' material facts. *See Dennis v. Potter*, No. 1:11-CV-58, 2015 WL 5032015, at *3 (N.D. Ind. Aug. 25, 2015) (citing cases). Moreover, Defendants' failure to cite specific evidence in support of purported undisputed material facts severely prejudices Plaintiff's ability to attempt a substantive response to those facts.[1] This is not a matter of form over substance. In lieu of a statement of undisputed materials facts supported directly by evidence, Defendants have instead recited the Court's factual findings made in the course of a preliminary injunction ruling. As a result, Defendants have not met their burden as movants for summary judgment. On this basis alone, the Court grants the Motion to Strike and strikes Defendants' Motion for Summary Judgment. This ruling is without prejudice to Defendants later making a motion at the appropriate time and supported by proper citation to specific evidence as required by the rules.

2.  *Summary Judgment Standard v. Preliminary Injunction Standard*

Not only are the facts in Defendants' Brief in Support of Motion for Summary Judgment lifted directly from the Court's June 30, 2015 preliminary injunction ruling but so are the presentation of the law and the analysis. Because the Court's analysis in the June 30, 2015 ruling was based on the preliminary injunction standard, Plaintiff argues that Defendants have incorrectly applied that to the Motion for Summary Judgment and, thus, improperly asked the Court to make inferences in Defendants' favor.

The standard the Court applied in its June 30, 2015 preliminary injunction ruling requires the moving party to show that it has "(1) no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied and (2) some likelihood of success on the merits." *Wisconsin*

---

[1] This prejudice is wholly independent of the fact that Plaintiff's current counsel recently filed her appearance.

*Right to Life, Inc. v. Barland*, 751 F.3d 804, 830 (7th Cir. 2014) (internal quotation marks omitted) (quoting *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011)). The Court ruled: "Because the Court finds that, on the evidence presented, Apex has not demonstrated a likelihood of success on the merits of the three claims, the Court need not consider the remaining factors of whether Apex has an adequate remedy at law, whether Apex will suffer irreparable harm, and balancing the harms to the parties and the public." (June 30, 2015 Opinion and Order). To make this ruling, the Court made findings of fact based on the evidence presented at the hearing, including weighing testimony. It was not a trial on the merits.

Findings made in a preliminary injunction order are not binding on the court at the summary judgment stage. *Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 291-92 (7th Cir. 1998) ("A court must be cautious in adopting findings and conclusions from the preliminary injunction stage in ruling on a motion for summary judgment . . . ." (quoting *Comm'ns Main., Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1205 (7th Cir. 1985)); *see also Tech. Publ'g Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136, 1139 (7th Cir. 1984) ("A factual finding made in connection with a preliminary injunction is not binding on the court in the trial on the merits." (citing *U. of Texas v. Camenisch*, 451 U.S. 390 (1981))); *Menominee Rubber Co. v. Gould, Inc.*, 657 F.2d 164, 167 (7th Cir. 1981); *Mitchell v. Baker*, No. 13-CV-0860, 2015 WL 5076938, at *3 (S.D. Ill. Aug. 27, 2015) (denying plaintiff's motion for summary judgment, even though plaintiff had been successful on a motion for preliminary injunction, in part because discovery had not been completed).

In *Communications Maintenance, Inc.*, the Seventh Circuit Court of Appeals cautioned that granting a motion for summary judgment following a preliminary injunction ruling is "risky" for two reasons. 761 F.2d at 1205. First, "the findings of fact and conclusions of law at the preliminary

injunction stage are often based on incomplete evidence and a relatively hurried consideration of the issues." *Id*. Second, the two rulings involve different standards of review: "[i]n the former a court considers whether there is a reasonable likelihood that the moving party will prevail on the merits; in the latter a court considers whether there is any issue of material fact remaining after construing the facts in the *light most favorable* to the *non-moving* party." *Id*.

In their response to the Motion to Strike, Defendants argue that the Court should imbue its conclusions and findings from the preliminary injunction hearing with preclusive effect for purposes of summary judgment. However, in the Motion for Summary Judgment, Defendants did not ask the Court to adopt the factual findings from the preliminary injunction ruling, nor did Defendants even acknowledge that the majority of the motion was taken from the Court's ruling. In the Motion for Summary Judgment, Defendants did not recognize the distinction in the standards of review or the fact that the Court did not view the facts at the preliminary injunction stage in the light most favorable to Plaintiff, as would be required on summary judgment. Moreover, Defendants did not even analyze the legal issues under the summary judgment standard; although Defendants recite the summary judgment standard in the summary judgment brief, *see* (Def. S.J. Br. 8), Defendants' statement of facts as well as their analysis are wholly adopted from the Court's preliminary injunction ruling. There is no new or independent analysis under the summary judgment standard.

In support of their position that it is not per se improper for a court to adopt findings and conclusions from the preliminary injunction stage in ruling on a motion for summary judgment, Defendants cite *AM General Corp. v. DaimlerChrysler Corp.*, 246 F. Supp. 2d 1030, 1034 (N.D. Ind. 2003) (citing *Commodity Future Trading Comm'n v. Board of Trade*, 701 F.2d 653, 657-58 (7th Cir.1983)). However, the court in *AM General Corp.* was faced with the purely legal issue of the

interpretation of a clause in a contract. *Id*. at 1033. Moreover, the court in *AM General Corp.* noted that it was *not* being asked to do the precise thing that Defendants in this case are asking this Court to do–namely adopt the ultimate conclusion from the preliminary injunction hearing as the reason for granting summary judgment: "GM does not invite the court to adopt its ultimate conclusion in the preliminary injunction memorandum–that DaimlerChrysler is unlikely to succeed on the merits–as the reason for summary judgment; such an invitation would be inappropriate because the conclusion from the preliminary injunction answers a different question than that asked at summary judgment." *Id*. Rather, GM asked "the court to grant summary judgment on the basis of a contract interpretation made as part of a preliminary injunction decision," and the court found it appropriate to make such a ruling. *Id*.

The circumstances in *Commodity Futures Trading Commission*, 701 F.2d at 654, also cited by Defendants, are similarly distinguishable. In that case, the district court consolidated the preliminary injunction hearing with a hearing on the merits. That was not the procedure in this Court.

Finally, Defendants cite *Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89 (2d Cir. 1961). However, *Lummus* did not involve the propriety of converting a preliminary injunction ruling into a summary judgment ruling within the same case. A Puerto Rico district court held a hearing to decide whether an arbitration clause was binding and issued an order for preliminary injunction staying arbitration. *Id*. at 83. That ruling was reversed by the First Circuit Court of Appeals, which lifted the stay of arbitration and sent the case to New York for arbitration proceedings. *Id*. at 83-84. However, the New York district court stayed arbitration and ordered the case go to trial on issues of arbitrability without discussion of the First Circuit Court of Appeals'

decision. *Id*. at 84. Thus, the issue before the Second Circuit Court of Appeals in *Lummus* was whether the ruling from the First Circuit Court of Appeals should have been given preclusive effect by the district court in New York. *Id*. at 87, 89 (discussing application of res judicata). The issue of res judicata is not the question before this Court.

In this case, although extensive discovery, including numerous discovery rulings by the Court, was conducted in the months before the preliminary injunction hearing, full discovery was not conducted. Discovery was limited to the issues raised in the Motion for Preliminary Injunction, which related to Counts III-V of the Complaint. And, even within the discovery on those claims, not all discovery was conducted. For example, Plaintiff represents that the parties did not take depositions of the Defendants and main witnesses. Thus, the preliminary injunction ruling was not made on a complete record.

Therefore, the Court grants the Motion to Strike on the additional basis that the Motion for Summary Judgment improperly applies the standard for a preliminary injunction, the Motion for Summary Judgment makes no argument within that motion for the propriety of applying the Court's findings of fact from the preliminary injunction on the motion for summary judgment, and the Court's preliminary injunction ruling was not made on a complete record.

3. *Resolving the Entire Litigation*

Although Plaintiff is correct that Defendants' Motion for Summary Judgment does not resolve the entire litigation, at a minimum because it does not address Counts I and II of the Amended Complaint or the claims in the Adversary Complaint, the fact that the Motion for Summary Judgment does not resolve the entire litigation is not a basis for striking the motion. The

Federal Rules of Civil Procedure allow for motions for partial summary judgment. Fed. R. Civ. P. 45(a). Such motions can serve to narrow the issues remaining for trial when appropriate.

*4.     Request for Scheduling Order*

Finally, Plaintiff asks the Court to set a scheduling order requiring that all dispositive motions be filed at one time, after the close of discovery. Defendants did not respond to this request. Given the amount of discovery that remains to be conducted in this case, the Court finds the request well taken and grants the request.

## CONCLUSION

Based on the forgoing, the Court hereby **GRANTS** Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment and to Order All Dispositive Motions be Filed After the Close of Discovery [DE 336] and **STRIKES** the Motion for Summary Judgment [DE 292] and the Brief in Support [DE 293].

As a result, the Court hereby **DENIES as moot** the Second Motion to Stay Discovery Pending a Ruling on Dispositive Motions [DE 343].

The Court **ORDERS** that no dispositive motions may be filed until after the discovery deadline, which will be set at the Rule 16(b) conference. The date and time of the Rule 16(b) conference will be set by separate notice.

So ORDERED this 3rd day of December, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT