**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| APEX COLORS, INC., </br>       Plaintiff, </br></br> v. </br></br> CHEMWORLD INTERNATIONAL LIMITED, INC., CHEMWORLD INTERNATIONAL LIMITED, LLC, ATUL MODI, and MANOJ MODI, </br>       Defendants. | CAUSE NO.: 2:14-CV-273-PRC |
| APEX COLORS, INC., </br>       Plaintiff, </br></br> v. </br></br> PAUL BYKOWSKI, </br>       Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Second Motion to Compel Responses to the January 5, 2016 Discovery and for Sanctions [DE 377], filed by Plaintiff Apex Colors, Inc. on May 27, 2016. Defendants filed a response on June 4, 2016, and Plaintiff filed a reply on June 8, 2016.

Federal Rule of Civil Procedure 37(a)(3)(B) allows a party seeking discovery to move for an order compelling an answer, designation, production, or inspection if a party fails to answer an interrogatory submitted under Rule 33 or a party fails to respond to a request made under Rule 34. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Rule 37(a)(5)(A) governs attorney's fees when the motion to compel is granted or if the requested discovery is provided after the motion was filed and provides that the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the

opposing party's non-disclosure was substantially justified or circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5).

On January 5, 2016, Plaintiff issued a written discovery request comprised of interrogatories and requests for production of documents to all Defendants. Defendants did not respond until March 1, 2016, after a first Motion to Compel was filed. On March 4, 2016, the parties met and conferred, and Defendants supplemented their discovery responses. Because Plaintiff contended that Defendants had not fully responded, the parties again met and conferred on May 17, 2016. Plaintiff explained what was needed to complete the production, and after the conference, Plaintiff provided a detailed list of the outstanding discovery. Defendants did not respond. Plaintiff asks the Court to compel production of the documents, which are needed for Plaintiff to prepare for depositions. Specifically, Plaintiff asks the Court to compel Defendants to answer the discovery dated January 5, 2016, to compel Defendants to produce spreadsheets in Excel format, and to award reasonable costs, including attorney fees, incurred in bringing this motion.

As an initial matter, the Court addresses Defendants' argument that Chemworld already supplied responsive documents to Plaintiff prior to June 4, 2014, through Bykowski's bankruptcy. Although this may be true, Chemworld does not identify which documents produced during the bankruptcy are responsive to specific discovery requests. Although Defendants are not required to produce the same documents multiple times within this litigation, Defendants are required to identify in their responses the specific documents that are responsive to a discovery request and when and in what context the documents were previously produced in this litigation. It is also not the Court's responsibility to review hundreds of pages of unspecified documents to determine whether Defendants have already provided discovery. As for interrogatories, the response to an interrogatory must contain the response, be complete in itself, and should not reference outside documents "at least where such references make it impossible to determine whether an adequate answer has been

2

given without an elaborate comparison of answers." *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000); *see also* Fed. R. Civ. P. 33(d).

Also, Defendants make arguments based on the Court's findings in its ruling on the Motion for Preliminary Injunction. As this Court has previously explained, the Court's factual findings in the ruling on the Motion for Preliminary Injunction were based on the evidence presented at the hearing, which was not a trial on the merits. In addition, the motion for preliminary injunction and the related hearing addressed only three of the five claims in this original litigation. The Court's ruling on the Motion for Preliminary Injunction does not affect the scope of discovery in this case. Moreover, Defendants waived any such objection by not raising it with Plaintiff when Defendants initially responded to the discovery requests. *See* Fed. R. Civ. P. 33(b)(4).

Defendants state that they are confused by what is meant by "any person or company with which [Paul Bykowski] has been affiliated" in Interrogatories 1 and 2, which ask what payments Chemworld made to Paul Bykowski or "any person or company with which he has been affiliated" and a description of the payment. Plaintiff provided examples of who the affiliated people or companies might be, identifying Bykowski's wife Geri Bykowski, Bykowski's company GB Consulting, and Bykowski's attorney Patrick McEuen (in the event Chemworld paid Mr. Bykowski's share of attorney fees in lieu of paying Mr. Bykowski directly). In their response brief, Defendants also question whether Apex or Finos should be considered businesses with which Bykowski was "affiliated," and Plaintiff answers in the reply brief in the affirmative. Therefore, in providing supplemental responses to Interrogatories 1 and 2 as ordered below, Defendants are **ORDERED** to include Geri Bykowski, GB Consulting, Patrick McEuen, Apex, and Finos as "any person or company with which he has been affiliated."

Finally, the Court notes that Defendants did not provide a specific response to any of the following arguments raised by Plaintiff regarding Interrogatory 1, Interrogatory 2, Request 2,

3

Interrogatory 3, or Interrogatory 4; however, as noted below, Defendant provided a response regarding the production. The Court considers each disputed discovery response in turn.

*1. Interrogatory 1*

Interrogatory 1 provides:

> For the period 2003 to the present, describe the terms under which any CHEMWORLD INTERNATIONAL LIMITED, INC., CHEMWORLD INTERNATIONAL LIMITED, LLC (hereinafter referred to as "Chemworld" or "the Chemworld entities") [sic] has done business with Paul Bykowski or any person or company with which he has been affiliated (such as Geri Bykowski or GB Consulting). For example, any agreement (whether written or not) to pay Mr. Bykowski a certain percentage on sales he developed or identified. Include in this description any terms under which part or all of the payments due Bykowski were agreed to be withheld, such as for costs (and specify what costs) or for other purposes (and specify that purpose, such as to pay Bykowski's share of attorney fees). If the terms that Chemworld has compensated/paid Bykowski or any person or company affiliated with him have changed over time, provide the dates. For example, if Bykowski asked Chemworld to pay Geri Bykowski money on certain dates identify those dates and the stated reason for each change and the reason for it.

Defendants responded to Interrogatory 1. In the instant motion, Plaintiff argues that Defendants have given incomplete, conflicting answers. Plaintiff notes that the Chemworld Defendants stated that, for the period 2010 through 2012, the Chemworld Defendants paid GB Consulting a certain percentage of profits on pigment sales. Bykowski's supplemental answers state that after 2012, Chemworld paid him under the same commission arrangement it had previously paid GB Consulting. Finally, counsel for Defendants stated that at some unspecified time, Chemworld began paying Bykowski additional profits on each sale. Plaintiff argues that this statement of counsel conflicts with Bykowski's answer that his share of the profits after 2012 was the same as the profits paid to GB Consulting from 2010 through 2012. Plaintiff also argues that counsel's statements are not competent evidence because they are not made by the Defendants under oath in response to the Interrogatory. The Court finds that defense counsel's response is not competent evidence and that

4

further clarification is required by Defendants regarding the terms of payment to Bykowski after December 31, 2012. Accordingly, the Court **ORDERS** Defendants to supplement their response to Interrogatory 1 and identify when Chemworld began paying Bykowski additional profits on each sale.

In addition, Plaintiff argues that the answer is incomplete as it fails to identify, for the pre-2013 period, the terms of payment for dye sales, the terms of payment for lab work, and any terms and dates under which Chemworld made payments to Geri Bykowski. The Court notes that Defendants provided information regarding the sale of dyes in their response; however, the answer does not address these specific topics that are within the scope of the original interrogatory. Therefore, in the interest of completeness, the Court **ORDERS** Defendants to supplement their response to Interrogatory 1 and identify, for the pre-2013 period: (1) the terms of payment for dye sales; (2) the terms of payment for lab work; and (3) any terms and dates under which Chemworld made payments to Geri Bykowski.

Finally, Plaintiff argues that the answer is incomplete as it fails to identify, for the post-2013 period, the terms of payment for lab work, the date that the lab work payment became wrapped into the additional higher commission rate, and whether these terms were for dye or pigment sales or both. As noted above, because there appears to be some conflict in the responses regarding whether, after December 31, 2012, Bykowski was paid the same commission as had previously been paid to GB Consulting, the Court **ORDERS** Defendants to supplement their response to Interrogatory 1 and identify, for the period after December 31, 2012: (1) the terms of payment for lab work by Bykowski; (2) the date that the lab work payment became wrapped into the additional higher commission rate; and (3) whether these terms were for dye or pigment sales or both.

2. *Interrogatory 2 and Document Request 2*

Interrogatory 2 provides:

For the period 2003 to the present, state or identify business records showing all payments made by any Chemworld entity to Paul Bykowski or any person or company with which he has been affiliated (such as Geri Bykowski or GB Consulting) and the reason for such payment.

Document Request 2 provides:

Spreadsheets and/or reports, such as accounting or sales reports, showing sales, profits and payments to Bykowski and/or related persons or entities related to sales from customers developed or identified by Paul Bykowski.

In the motion, Plaintiff states that this information was requested so that Plaintiff can calculate damages. Plaintiff explains that Defendants were asked the purpose of each payment so that Plaintiff could separate payments that Plaintiff believes are recoverable as damages (such as sales commissions) from those that are not (such as expense reimbursements). Plaintiff notes that Chemworld produced a spreadsheet showing sales commissions paid to GB Consulting from 2010-2012 and a second spreadsheet showing four additional 2012 payments made to Bykowski directly. Chemworld *speculated* that the payments in 2012 were for expense reimbursement or lab work. Bykowski produced a 1099 form issued by Chemworld for the year 2015 but did not state the purpose of the payments this 1099 form represented. Defendants also produced the sales records for the period 2013-2016 that show the revenues from sales attributable to Bykowski but did not show profits or what percentage of those profits were paid to Bykowski.

Plaintiff asserts that the missing information includes: (1) the profits made on each of the 2013-2016 sales; (2) the amounts paid to Bykowski on each of the 2013-2016 sales; and (3) payment made to Bykowski for other reasons, such as expense reimbursements or lab work.

Plaintiff then represents that, in order to resolve this issue, Plaintiff located the accounting records that appear to have been produced by Chemworld in the bankruptcy court. Plaintiff attached

6

these records to an email and asked Defendants to "Please confirm that these are accurate records from your client and provide the Excel spreadsheets from 2014 and 2015 and through April of 2016 for Paul/GB/Geri/Color Consulting and we should be okay. In addition, please ask CW how they accounted for the four payments that they are unsure about–whether it was for services (color consulting work) or out of pocket expenses should be clear based on how they accounted for it in their books." (Pl. Mot, Ex. E). Plaintiff represents that Defendants never responded to this email. Defendants did not address this specific request or the email in their response to the instant motion. Defendants have offered no objection to producing this information.

Therefore, the Court **ORDERS** Defendants to respond to the following requests from the May 17, 2016 email: (1) confirm that the attachments to the May 17, 2016 email from the bankruptcy proceeding are accurate records from Defendants; (2) provide Excel spreadsheets from 2014 and 2015 and through April 2016 for Paul Bykowski, GB Consulting, Geri Bykowski, and Color Consulting; and (3) provide a supplemental response to Interrogatory 2 explaining how Chemworld accounted for the four payments that they are unsure about.

3. *Interrogatories 3 and 4*

Interrogatory 3 provides:

For the period 2003 to the present, state or identify business records showing all payments received from customers developed or identified by Paul Bykowski, and state or identify business records showing what amount of that payment went to Mr. Bykowski or another company or person at his direction. Also state or identify business records itemizing any expenses associated with these sales (for example, the cost of Chemworld purchasing the product from a supplier).

Interrogatory 4 provides:

For the period 2003 to the present, state or identify business records showing profits attributable to sales from customers developed or identified by Paul Bykowski.

In the motion, Plaintiff represents that Defendants produced sales information but did not provide costs or profits. Plaintiff represents that Defense counsel has said that Plaintiff's counsel

7

should be able to calculate the profit on each sale by subtracting the cost from the sales price. Plaintiff argues to the Court that this is not feasible because Defendants have not yet provided the cost attributable to each sale and because counsel is not competent to present evidence about Chemworld's profits. Finding that Defendants have not provided a complete answer to Interrogatories 3 and 4, the Court **ORDERS** Defendants to provide a supplemental response to Interrogatories 3 and 4 and provide the missing cost and profit information.

*4.     Excel Spreadsheet*

In Plaintiff's Request for Production, Plaintiff asked Defendants to produce spreadsheets in native format, which, in this instance, was Excel format. Defendants produced spreadsheets in .pdf format instead, which is unsearchable. Plaintiff asks the Court to compel Defendants to produce the spreadsheets in the native Excel format, arguing that it would be "simple" and would permit Plaintiff to sort the data by date, customer name, or item description.

Defendants respond, without citation to law, that Plaintiff is not entitled to Defendants' electronically stored information (ESI) in Chemworld's native Excel format and that .pdf format is sufficient.

First, Plaintiff requested that the record be produced in "native electronic format" and Defendants did not raise this objection in initially responding to the discovery; thus, the objection is waived. Second, Federal Rule of Civil Procedure 34(b) requires a party to produce electronically stored documents as they are kept in the usual course of business or in a reasonably useable form. *See* Fed. R. Civ. P. 34(b)(2)(E) (providing that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request" and that "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably useable form or forms"). Because the .pdf format is not searchable, the format in which

8

Defendants produced the spreadsheets is not reasonably useable. Third, Defendants do not argue that it would be difficult to produce the spreadsheets in Excel format.

The Court grants the Motion to Compel as to the format of the spreadsheets and orders Defendants to produce the spreadsheets in the native, Excel format.

5.  *Sanctions*

Having considered Rule 37(a)(5), the Court finds that, under all the circumstances of this litigation and the specific nature of most of this motion to compel, an award of reasonable costs occasioned by this motion is not warranted except to the extent Defendants refused to provide the spreadsheets in native format. Some interrogatories are long and complex, containing multiple parts with examples but not a full description of all sought-after categories. For the most part, the remaining issues addressed in this Opinion and Order constitute refining and clarifying the scope of the interrogatories. However, because Defendants have offered no rationale for failing to provide the spreadsheets in native format, reasonable costs incurred in bringing the motion to compel production in native format is warranted. Therefore, the Court awards Plaintiff its reasonable costs, including attorney fees, incurred only in bringing the portion of the motion to compel regarding the failure to provide the spreadsheets in excel format.

**CONCLUSION**

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Second Motion to Compel Responses to the January 5, 2016 Discovery and for Sanctions [DE 377] and **ORDERS** Defendants to provide supplemental discovery responses as set forth in this Opinion and Order.

The Court **AWARDS** Plaintiff its reasonable costs, including attorney fees, incurred in bringing that portion of the motion to compel the production of spreadsheets in native format only. The Court **ORDERS** Plaintiff to **FILE** with the Court, on or before **June 29, 2016**, a verified statement of reasonable costs incurred in bringing that portion of the motion.

SO ORDERED this 16th day of June, 2016.

                                          s/ Paul R. Cherry
                                          MAGISTRATE JUDGE PAUL R. CHERRY
                                          UNITED STATES MAGISTRATE JUDGE