# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| APEX COLORS, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:14-CV-273-PRC |
| ) | |
| CHEMWORLD INTERNATIONAL ) | |
| LIMITED, INC., et al, ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Second Amended Consolidated Complaint [DE 434], filed by Defendants Chemworld International Limited, Inc., Chemworld International Limited, LLC, Atul Modi, Manoj Modi, and Paul Bykowski on November 15, 2016. Plaintiff Apex Colors, Inc. filed a response on November 29, 2016, arguing that the Motion to Dismiss is untimely and should otherwise be denied on the merits. Defendants have not filed a reply, and the time to do so has passed.

Plaintiff filed the Second Amended Consolidated Complaint on September 13, 2016. The deadline for Defendants to respond was September 27, 2016. *See* Fed. R. Civ. P. 15(a)(1)(3). No answer was filed. The instant Motion to Dismiss was filed on November 15, 2016, seven weeks after a response was due.

Federal Rule of Civil Procedure 12(b) provides that certain defenses, including the failure to state a claim upon which relief can be granted–may be asserted by motion "made before pleading." Fed. R. Civ. P. 12(b). Defendants have provided no explanation for the untimely filing and have not asked the Court to extend the deadline to respond to the Second Amended Consolidated Complaint. Therefore, the instant motion is untimely and is denied on that basis. *See Gillo v. Gary Cmty. Sch. Corp.*, No. 2:14-CV-99, 2014 WL 3767680, at *2-3 (N.D. Ind. July 31, 2014).

Moreover, as argued by Plaintiff, Defendants' substantive arguments are not well taken. First, Defendants argue that Plaintiff was required to attach evidence to the Second Amended Complaint to "substantiate" its allegations. Federal Rule of Civil Procedure 8(a) requires notice pleading, which is met by stating a claim that is plausible on its face. *See Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015) ("Plausibility does not mean probability: a court reviewing a 12(b)(6) motion must 'ask itself *could* these things have happened, not *did* they happen.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Defendants do not argue that Plaintiff has failed to state a claim. Defendants offer no law supporting their argument that Plaintiff was required to attach "supporting exhibits." Defendants' argument is not well taken, and the motion to dismiss is denied on this basis.

Second, Defendants are also arguing that Plaintiff is required to plead allegations that would anticipate and refute Defendants' defense that Finos, not Apex, was the true owner of the assets that Apex has accused Defendants of stealing and misappropriating. "A complaint states a claim on which relief may be granted whether or not some defense is potentially available. This is why complaints need not anticipate and attempt to plead around defenses." *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Defendants' arguments related to its defenses are not well taken, and the motion to dismiss is denied on this basis.

Based on the foregoing, the Court hereby **DENIES** the Defendants' Motion to Dismiss Second Amended Consolidated Complaint [DE 434]. In the Court's discretion, the Court declines to award sanctions under 28 U.S.C. § 1927 as requested by Plaintiff in its response brief.

So ORDERED this 6th day of January, 2017.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT