# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| APEX COLORS, INC. | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:14-CV-273-PRC |
| | ) | |
| CHEMWORLD INTERNATIONAL LIMITED, | ) | |
| INC., CHEMWORLD INTERNATIONAL | ) | |
| LIMITED, LLC, ATUL MODI, MANOJ MODI, | ) | |
| and PAUL BYKOWSKI, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on an Individual Defendants' Motion for Protective Order Against "Punitive Damages" Discovery [DE 416], filed by Defendants Paul Bykowski, Atul Modi, and Manoj Modi ("Defendants") on October 3, 2016. Plaintiff Apex Colors, Inc. ("Apex") filed a response on October 13, 2016, and the Defendants filed a reply on October 25, 2016.

In the instant motion, Defendants ask the Court for a protective order against "punitive damages" discovery or, alternatively, to bifurcate discovery pending ruling on dispositive motions. Apex's discovery requests at issue on punitive damages are Interrogatories A.1, A.2, and A.3 and Requests to Produce Nos. 1, 6, 7, 8, 9, 10, and 11. During the informal attempt to resolve the dispute, Apex asserted that the discovery is necessary to establish "defendants' ability to pay punitive damages."

Evidence regarding Defendants' financial worth is relevant to the issue of punitive damages. The Indiana Supreme Court reasoned, "[i]f punitive damages are appropriate, the wealth of the defendant has for many years been held relevant to a determination of the appropriate amount." *Stroud v. Lints*, 790 N.E.2d 440, 445 (Ind. 2003) (citing *Hibschman Pontiac, Inc. v. Batchelor*, 362

N.E.2d 845, 849 (Ind. 1977));[1] *see also Martinez v. Clarian Health Partners, Inc.*, No. 1:12-CV-567, 2014 WL 545893, at *2 (S.D. Ind. Feb. 10, 2014); *Countryman v. Cmty. Link Fed. Credit Union*, No. 1:11-CV-136, 2012 WL 1143572, at *6 (N.D. Ind. Apr. 3, 2012); *Marshall v. GE Marshall, Inc.*, No. 2:09 CV 198, 2012 WL 2343368, at *4-5 (N.D. Ind. June 20, 2012); *Priest v. Brummer*, No. 1:06-CV-65, 2008 WL 2788759, at *11 (N.D. Ind. July 18, 2008); *Clark v. Simbeck*, 895 N.E.2d 315, 320 (Ind. Ct. App. 2008).

The court in *Stroud*, in establishing that the amount of an award of punitive damages is reviewed de novo, recognized that the defendant's wealth is a consideration in the award of punitive damages. *Stroud*, 790 N.E.2d at 443, 446, 447 (citing *Hibschman,* 266 Ind. at 317, 362 N.E.2d at 849; *Executive Builders, Inc. v. Trisler,* 741 N.E.2d 351, 360 (Ind. Ct. App. 2000); *Ford Motor Co. v. Ammerman,* 705 N.E.2d 539, 561 (Ind. Ct. App.1999); *Bright v. Kuehl,* 650 N.E.2d 311, 316 (Ind. Ct. App. 1995); *Archem, Inc. v. Simo,* 549 N.E.2d 1054, 1061 (Ind. Ct. App. 1990); *Ind. & Mich. Elec. Co. v. Stevenson,* 173 Ind. App. 329, 341, 363 N.E.2d 1254, 1263 (1977)). More specifically, the court recognized the necessity of de novo review, in part, because a defendant's wealth could be improperly weighed. *Id*. Although a "defendant's wealth 'cannot justify an otherwise unconstitutional punitive damages award,' . . . it is nevertheless appropriate consideration." *Id*. (quoting *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 1525 (2003)). This Court also notes that Indiana Model Civil Jury Instruction 741, titled "Measure of Punitive Damages," provides that one of the factors for the jury to consider in deciding the amount of punitive damages is "[*defendant*]'s financial condition." Ind. Model Civ. Jury Instruction 741. Thus,

---

[1] For purposes of this motion, Apex assumes that Indiana law applies. However, Apex notes that Bykowski's contract is governed by Illinois law.

contrary to Defendants' assertion, Apex's punitive damages discovery is reasonable calculated to lead to the discovery of admissible evidence and, thus, relevant.

Defendants contend in their motion that, "since 2008," Indiana no longer requires a plaintiff seeking punitive damages to prove the defendant's "ability to pay" as an element of the plaintiff's evidence and then provides a review of the various provisions of the statute on punitive damages—Indiana Code § 34-51-3-1, et seq. (Def. Br. 3(citing Ind. Code § 34-51-3-1, et seq.)). However, it is not clear why Defendants highlight the year 2008. The statute was passed in 1998 and, with the exception of § 34-51-3-6, which provides for the payment and allocation of damages and was amended in 2006, has not been amended. And, the version prior to 1998, found at Indiana Code 34-4-34-1, et seq. and which was enacted in 1995, is identical to the current version, with the exception of the 2006 amendment to § 34-51-3-6. Moreover, the Indiana Supreme Court established in 1977 that Indiana law does not require a plaintiff seeking punitive damages to prove the defendant's "ability to pay" as an element of the plaintiff's case. *Hibschman*, 362 N.E.2d at 849; *see also Stroud*, (recognizing the holding in *Hibschman*).

Defendants also argue that the discovery is harassing and vexatious and may be abused. Defendants reason that Apex has no defensible basis for requiring the individual defendants to produce evidence of all assets and liability, bank statements and accounts, and other personal financial information unrelated to the allegations of the Second Amended Complaint. However, Defendants offer no explanation for how the punitive damages discovery has the potential for abuse or an invasion of privacy. And, because Defendants do not acknowledge that a defendant's financial condition is relevant to a request for an award of punitive damages, Defendants do not offer any

alternative discovery that would be less invasive. Notably, there is a protective order in place that allows for discovery to be designated as "attorneys eyes only."

Finally, Defendants argue that "there is a grave potential to inflame the passions of the potential jury by attempting to put on evidence of wealth of the defendants," which Defendants argue has no bearing on the ultimate award of punitive damages. (Def. Br. 5). Again, Defendants' financial condition is relevant to an award of punitive damages. Moreover, Defendants offer no example of what information might be inflammatory and why. This argument is premature and goes not to the discoverability of the evidence but rather to its admissibility.

The Court denies the Motion for Protective Order as to Interrogatories A.1, A.2, and A.3 and Requests to Produce Nos. 1, 6, 7, 8, 9, 10, and 11.

In this motion, Bykowski also asks the Court for a protective order against Request to Produce No. 5, which asks Defendant Bykowski to produce "all documents evidencing payments made by Paul Bykowski to Patrick McEuen, including the date of payment and the amount paid." Bykowski asserts that this information is irrelevant, overbroad, confidential, and privileged, arguing that Bykowski's "total attorney fees are not relevant to any issue at trial." (Def. Br. 5). In response, Apex offers two bases for relevance. First, Apex asserts that the payments go to Bykowski's financial condition and his ability to satisfy a judgment. The Court finds that the amount of payments to the attorney and the dates of the payments are relevant to Bykowski's financial condition. Neither the attorney-client privilege nor the work product doctrine are implicated by those two facts. However, Bykowski does not need to produce documentary evidence of the payments. It is sufficient for Attorney McEuen to provide a verified statement of the date and amount of each payment. Second, Apex contends that the payments are relevant for impeachment purposes

regarding Bykowski's bankruptcy proceedings. Having reviewed both Apex's argument and Bykowski's rebuttal on the issue of the payment of attorney fees related to the bankruptcy proceeding, the Court finds that, on the arguments presented, the discovery is not relevant on this basis. Accordingly, the Court denies the Motion for Protective Order as to Request for Production No. 5 with the clarification as to the form of sufficient response to the request.

Based on the foregoing, the Court hereby **DENIES** the Individual Defendants' Motion for Protective Order Against "Punitive Damages" Discovery [DE 416] with the clarification as to the form of sufficient response to Request for Production No. 5 set forth above.

So ORDERED this 17th day of January, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT