UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| APEX COLORS, INC. | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:14-CV-273-PRC |
| | ) | |
| CHEMWORLD INTERNATIONAL LIMITED, | ) | |
| INC., CHEMWORLD INTERNATIONAL | ) | |
| LIMITED, LLC, ATUL MODI, MANOJ MODI, | ) | |
| and PAUL BYKOWSKI, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Sanctions for Failing to Comply with This Court's Order to Produce Cost and Profit Information [DE 447], filed by Plaintiff Apex Colors, Inc. on December 23, 2016. Defendants Atul Modi, Manoj Modi, and Chemworld International Limited, Inc., and Chemworld International Limited, LLC (collectively "Chemworld") filed a response on January 3, 2017, and Apex filed a reply on January 10, 2017.

On January 5, 2016, Apex issued written discovery requests to Chemworld. Chemworld did not respond, prompting Apex to file a Motion to Compel. On March 10, 2016, the Court denied the Motion to Compel as moot because Chemworld responded to the discovery after the motion was filed. However, the Court granted fees incurred in bringing the motion.

On May 27, 2016, Apex filed a second Motion to Compel related to the same January 5, 2016 discovery, arguing that Chemworld's answers were incomplete. Two of the requests at issue were Interrogatories Nos. 3 and 4, which sought revenues, costs, and profits on pigment and dye sales:

> 3. For the period 2003 to the present, state or identify business records showing all payments received from customers developed or identified by Paul Bykowski, and state or identify business records showing what amount of that payment went to

> Mr. Bykowski or another company or person at his direction. Also state or identify business records itemizing any expenses associated with these sales (for example, the cost of Chemworld purchasing the product from a supplier).
>
> 4. For the period 2003 to the present, state or identify business records showing profits attributable to sales from customers developed or identified by Paul Bykowski.

(ECF 447, Ex. A). In the May 27, 2016 motion, Apex argued that "Interrogatories 3-4 ask for the revenue, cost and profits on pigment and dye sales, and what portion of those profits are paid to Chemworld and what portion of those profits are paid to Paul Bykowski. Chemworld produced sales information but did not provide costs or profits." (ECF 378, p. 5). Apex further argued that it could not calculate the profits for each sale by subtracting the cost from the sales price, as Chemworld had suggested Apex do, because Chemworld had not provided the cost attributable to each sale and because counsel is not competent to present evidence at trial about Chemworld's profits. Apex argued that the profit information must come from Chemworld itself. In response, Chemworld argued, in part, that the preliminary injunction ruling narrowed the scope of discovery and that the discovery requests are confusing. However, Chemworld did not provide any specific response to the arguments related to Interrogatories Nos. 3 and 4.

On June 16, 2016, the Court issued an Order granting the Motion to Compel and requiring Chemworld to, among other things, "provide a supplemental response to Interrogatories 3 and 4 and provide the missing cost and profit information." (ECF 383, p. 8).

On July 25, 2016, Chemworld supplemented its discovery answers but did not provide the cost and profit data. Instead, Chemworld explained that it calculates the costs associated with sales on a month-to-month basis, throws out those cost records at the end of each month, and does not retain any spreadsheets that reflect earlier costs. (Check Ex. B). Instead, Chemworld responded that

2

the only way to calculate Chemworld's profit is to double the amount paid to Bykowski. Chemworld further stated that the business records kept in ordinary course identify the date of the sale or of shipping, the item purchased, the customer, the quantity, the unit price, and the gross sales amount.

In the instant motion, Apex asks the Court to sanction Chemworld for failing to provide the information responsive to Interrogatories Nos. 3 and 4 as ordered by the Court on June 16, 2016.

Apex argues that, even if it is true that Chemworld destroys its costs information on a monthly basis, Chemworld has not provided, at a minimum, any cost records for July 2016 (the month following the Court's June 16, 2016 Order) or the months thereafter, much less the cost records from the time Apex initially served the discovery on January 5, 2016, or when Chemworld was on notice of this litigation with Apex's cease and desist letter in 2013. Apex represents that Chemworld has not provided any cost or expense record. Apex contends that, if Chemworld has been destroying records relevant to this litigation for a period of years, it has engaged in spoliation. Apex also contends that it is not believable that Chemworld does not keep records of costs associated with its sales because, at a minimum, the record would be necessary in order to calculate taxes.

Chemworld offers no response to these arguments. In fact, Chemworld does not address the discovery requested in Interrogatories Nos. 3 and 4 anywhere in its response brief. Instead, Chemworld discusses Requests for Production Nos. 3 and 4, which are different in scope. Chemworld's brief is thus largely nonresponsive to the motion. Notably, Chemworld offers no explanation for its failure to maintain cost records starting June 16, 2016, if not starting January 5, 2016, or even earlier.

In support of its motion, Apex explains that it needs this information to calculate its damages with some degree of reasonable certainty. If Apex proves that Chemworld is liable, one measure of damages is lost profits. With the discovery produced to date, Apex only has information on Chemworld's revenues and the payments to Bykowski. Apex notes that, Chemworld admits that it calculates profits by subtracting costs from revenues and then gives a portion of the profits to Bykowski. However, Chemworld has not turned over the records its uses to make this calculation; rather, Chemworld explained that it destroys these records.

Apex argues that it should not have to rely on Chemworld's representations that Chemworld fairly calculates profit or that Chemworld in fact pays Bykowski half of the profits. Apex offers, for example, that Chemworld could attribute a commercially unreasonable amount of money to administrative expenses, which would artificially reduce profits. Of course, this is speculation. But, without the cost information, Apex has no basis on which to verify Chemworld's profit to measure Apex's own damage of lost profits.

The Court finds that Chemworld has failed to comply with the Court's June 16, 2016 Order that it "provide a supplemental response to Interrogatories 3 and 4 and provide the missing cost and profit information." (ECF 383, p. 8). Federal Rule of Civil Procedure 37(b)(2)(A) sets out the sanctions that a court may order for failure to comply with a court order, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Apex asks the Court to order that the measure of lost profits as to Atul Modi, Manoj Modi, Chemworld International Limited, Inc., and Chemworld International Limited, LLC be Chemworld's revenue. Chemworld offers no response. The requested remedy is proper given Chemworld's refusal to provide the ordered

4

discovery and its failure to maintain the monthly records its says it routinely destroys from at least June 16, 2016, if not from January 5, 2016.

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), Apex also requests its reasonable expenses associated with this motion. Chemworld did not respond to this request. The Court grants Apex's request. The Court notes that, in the closing paragraph of its response brief, Chemworld requests its own attorney fees as a sanction against Apex for the filing of repetitive, frivolous, misleading, and baseless discovery motions. Given Chemworld's failure to address the arguments raised in Apex's motion, this request is not well taken and is denied.

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion for Sanctions for Failing to Comply with This Court's Order to Produce Cost and Profit Information [DE 447] and **FINDS** and **ORDERS** that the measure of Apex's lost profits as to Atul Modi, Manoj Modi, Chemworld International Limited, Inc., and Chemworld International Limited, LLC be Chemworld's revenue.

The Court further **AWARDS** Apex its reasonable expenses, including attorney fees, caused by Chemworld's failure to respond to Interrogatories Nos. 3 and 4. The Court **ORDERS** Apex to **FILE**, on or before January 31, 2017, a verified statement of these reasonable expenses.

So ORDERED this 17th day of January, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT