# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| APEX COLORS, INC., <br>     Plaintiff, <br><br> v. <br><br> CHEMWORLD INTERNATIONAL LIMITED, INC., CHEMWORLD INTERNATIONAL LIMITED, LLC, ATUL MODI, MANOJ MODI, and PAUL BYKOWSKI, <br>     Defendants. <br><br> PAUL BYKOWSKI, <br>     Third Party Plaintiff, <br><br> v. <br><br> ERIC BOGGESS and JAMES BOGGESS, <br>     Third Party Defendants. | CAUSE NO.: 2:14-CV-273-PRC |

## OPINION AND ORDER

This matter is before the Court on Eric and James Boggess' Motion for Sanctions [DE 471], filed by Third Party Defendants Eric and James Boggess on January 30, 2017, and on a Motion to Strike Exhibits 3, 4, and 5 to Reply Memorandum in Further Support of Eric and James Boggess' Motion for Sanctions [DE 483], filed by Third Party Plaintiff Paul Bykowski on February 22, 2017. Both motions are fully briefed and ripe for ruling.

## PROCEDURAL BACKGROUND

On September 13, 2016, Plaintiff Apex Colors, Inc. filed a Second Amended Consolidated Complaint against Defendants, including Defendant Paul Bykowski.

On September 28, 2016, Defendant Paul Bykowski filed a Third Party Complaint against Eric Boggess and James Boggess, alleging that, as a result of their conduct described in the Third

Party Complaint, Eric and James Boggess "are or may be partially liable to Bykowski for some part or all of the losses and damages assessed against Bykowski as a result of plaintiff's complaint." (ECF 411, ¶ 16). The "losses and damages" are related to Plaintiff's alleged "trade secrets" that have "actual and potential economic value." (ECF 411, ¶¶ 18-22). Bykowski further alleged that "[t]he misappropriation of some or all of Apex's alleged trade secrets by Eric Boggess and [James] Boggess renders them liable to Bykowski for some or all of the losses and damages assessed against Bykowski as a result of plaintiff's loss of alleged trade secrets." (ECF 411, ¶ 25). Finally, Bykowski alleges that "[James] Boggess and Eric Boggess are liable to indemnify Bykowski against some part or all of the losses and damages assessed against Bykowski" and prays "for indemnity or contribution against some or all of any damages that the plaintiff may be awarded by way of the plaintiff's Second Amended Consolidated Complaint." (ECF 411, ¶¶ 27, "Wherefore" paragraph).

On November 2, 2016, the Boggesses requested an extension of time to respond to the Third Party Complaint. On November 3, 2016, the Court granted them an extension of time to December 1, 2016.

Prior to that deadline, on November 21, 2016, the Boggesses filed a Motion to Dismiss, seeking dismissal of the Third Party Complaint for failure to state a claim. On December 1, 2016, Bykowski moved for an extension of time to respond to the Motion to Dismiss. On December 2, 2016, the Court granted the motion, giving Bykowski up to and including December 22, 2016, to file a response.

On December 5, 2016, the Boggesses served counsel for Bykowski with a Federal Rule of Civil Procedure 11 safe harbor notice and a draft (unfiled) Motion for Sanctions, which sought sanctions under Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority based on the filing

of the Third Party Complaint.

On December 22, 2016, the day the response to the Motion to Dismiss was due and within 21 days of the Boggesses' service of the Rule 11 safe harbor notice, *see* Fed. R. Civ. P. 11(c)(2), Bykowski filed a Notice of Voluntary Dismissal, dismissing the Third Party Complaint.

**ANALYSIS**

In the instant Motion for Sanctions, Third Party Defendants Eric and James Boggess ask the Court to grant sanctions pursuant to 28 U.S.C. § 1927 and under the Court's inherent authority against Third Party Plaintiff Paul Bykowski's attorney. The Boggesses seek sanctions consisting of their attorney fees and expenses incurred in defending against the Third Party Complaint and in preparing and presenting this motion.

Section 1927 provides:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Sanctions against counsel under 28 U.S.C. § 1927 are appropriate when 'counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders.'" *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013) (quoting *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184-85 (7th Cir. 1992)). "Whether sanctions should be awarded under § 1927 . . . is a judgment call." *Samuels v. Wilder*, 906 F.2d 272, 275 (7th Cir. 1990).

In this case, the Boggesses served counsel for Bykowski with a safe harbor notice regarding the Third Party Complaint pursuant to Federal Rule of Civil Procedure 11(c)(2). The Boggesses served the safe harbor notice and draft Motion to Dismiss on December 5, 2016, which was two

weeks after they filed the Motion to Dismiss the Third Party Complaint and three days after the Court granted Bykowski an extension of time to December 22, 2016, to respond to the Motion to Dismiss.

Rule 11(c)(2) provides that a motion for sanctions for a violation of Rule 11(b) must be served under Rule 5 "but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." Fed. R. Civ. P. 11(c)(2). Rule 11(b) provides:

> **(b) Representations to the Court.** By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The Seventh Circuit Court of Appeals has explained that the "frivolousness clause" of Rule 11 asks "whether the party or attorney made a reasonable inquiry into the facts, and whether the party or attorney made a reasonable inquiry into the law." *Ins. Benefit Adm'rs, Inc. v. Martin*, 871 F.2d 1354, 1358 (7th Cir.1989).

Although sanctions under 28 U.S.C. § 1927 may overlap with sanctions under Rule 11, the Court finds that this is not one of those instances. *See id.* at 1361 (citing *Walter v. Fiorenzo*, 840

F.2d 427, 433 (7th Cir. 1988)); *Walter*, 840 F.2d at 435 ("We affirm the imposition of sanctions against counsel under 28 U.S.C. § 1927 not only for needlessly multiplying these proceedings but for counsels' repeated inability to articulate a viable claim against Fiorenzo after nearly four years of discovery and after the dismissal of three other similarly situated defendants.").

The Boggesses' December 5, 2016 draft Motion for Sanctions invoked not only Rule 11 but also § 1927 and the Court's inherent authority, and the safe harbor notice warned counsel for Bykowski that the draft Motion for Sanctions would be filed with the Court if the Third Party Complaint was not withdrawn. The Third Party Complaint was subsequently withdrawn within the 21-day period by Bykowski's voluntarily dismissal of the Third Party Complaint. The instant motion for sanctions is identical in all material respects to the December 5, 2016 draft Motion for Sanctions, except that all references to Rule 11 have been omitted from the instant motion, leaving only the citations to § 1927 and the Court's inherent authority. Both the draft motion and the instant motion ask for sanctions on the basis that the Third Party Complaint is "devoid of any factual or legal bases." (ECF 472-3; 471). There is no new factual analysis or factual or legal basis in the current motion for an award of sanctions that was not also in the draft motion. And, the Boggesses' substantive legal arguments regarding the deficiency of the allegations of the Third Party Complaint raised in the Motion to Dismiss are identical to those in the draft Motion for Sanctions as well as the instant Motion for Sanctions.

The Boggesses argue that an injustice will be worked in these proceedings and in the administration of justice in this case and others if Bykowski's counsel is permitted to have "filed and prosecuted the Third Party Complaint with impunity." (ECF 471, ¶ 14). But, counsel for Bykowski did not "prosecute" the Third Party Complaint. He filed it and then voluntarily dismissed it once

5

served with the Rule 11 safe harbor notice. Nor do the Boggesses indicate how the timing of Bykowski's dismissal of the Third Party Complaint constitutes an unreasonable and vexatious multiplication of the proceedings when the Third Party Complaint was withdrawn both before a response to the Motion to Dismiss and the safe harbor notice were due.

In this instance, sanctions under § 1927 are not warranted because Bykowski's counsel withdrew the Third Party Complaint within the safe harbor period under Rule 11, the instant Motion for Sanctions is identical to the December 5, 2016 draft Motion for Sanctions threatened under the safe harbor provision of Rule 11, and the Boggesses offer no new or separate basis for seeking sanctions under § 1927 or the Court's inherent authority in addition to those already asserted in support of the Rule 11 safe harbor notice. *See Walker v. Mueller Indus., Inc.*, No. 5 C 2174, 2006 WL 2024338, at *4 (N.D. Ill. July 13, 2006) (finding that "[t]hese facts present no justification for an award of fees under § 1927" when the plaintiff withdrew the complaint after being served with a Rule 11(c) notice and the party sought an award under § 1927 "for the very costs and fees that were avoided with the dismissal of the Complaint" (citing *United States v. McIntosh*, 198 F.3d 995, 1009 (7th Cir. 2000) (noting that, in a civil case, prompt withdrawal of a filing upon realizing it lacked merit, "typically would grant the filer of the pleading 'safe harbor' from sanctions . . . for the obvious reason [that] the parties and the court are spared the effort and expense of litigating a groundless contention.")); *see also Tallman v. Freedman Anselmo Lindberg LLC*, No. 11-3201, 2012 WL 1080289, at *4 (C.D. Ill. Mar. 30, 2012) (finding that, although § 1927 does not have a safe harbor requirement like Rule 11, it was relevant that the plaintiff's counsel voluntarily withdrew the

allegations before the § 1927 sanctions were sought).[1]

The Boggesses argue that Bykowski's withdrawal of the Third Party Complaint within the 21-day period in response to the Rule 11 notice does not shield Bykowski's attorney from sanctions under § 1927. As noted above, sanctions under § 1927 may be awarded even when a paper is withdrawn under Rule 11. However, the Boggesses do not cite any cases in which sanctions under § 1927 were awarded based solely on the filing of a complaint when the complaint was voluntarily dismissed in response to a Rule 11 safe harbor notice and when the attorney who filed the complaint took no other action that could be considered to have multiplied the proceedings. *See Samuels*, 906 F.2d at 275 ("Section 1927 and Rule 11 are addressed to different conduct: the statute to prolonging litigation, and Rule 11 to particular filings."); *see also Lord v. High Voltage Software, Inc.*, No. 09-CV-4469, 2017 WL 1178147, at *6 (N.D. Ill. Mar. 30, 2017) ("In the Court's judgment, it is the filing of a complaint with a claim that had no bearing in fact or law, rather than the specific conduct of the litigation, that was frivolous." (citing *Samuels*, 906 F.2d at 275)). The Seventh Circuit Court of Appeals in *Samuels* explained that "§ 1927 differs from Rule 11 because it does not require 'reasonable' investigation." *Id*.[2]

The Boggesses fault Bykowski's attorney for waiting until the "very last day . . . to respond to the Boggesses' Motion to Dismiss" before voluntarily withdrawing the Third Party Complaint.

---

[1] The Court is cognizant that 28 U.S.C. § 1927 itself does not have a safe harbor provision and that, as a result, sanctions under § 1927 can be sought in some instances when Rule 11 sanctions cannot because Rule 11's safe harbor procedural requirements were not followed. *See Intellect Wireless, Inc. v. Sharp Corp.*, 87 F. Supp. 3d 817, 839 (N.D. Ill. 2015).

[2] The Court offers no opinion on whether § 1927 applies to "initial complaints." *See Egan v. Huntington Copper Moody & Maguire, Inc.*, No. 12 C 9034, 2015 WL 1631547, at *4 (N.D. Ill. Apr. 10, 2015) (noting that, although other courts of appeals have held that sanctions are not available under § 1927 for activity associated with the initial filing of a complaint, the Seventh Circuit Court of Appeals has not expressly weighed in on the issue (citing *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 65 (1st Cir. 2008) (collecting cases); *Bender v. Freed*, 436 F.3d 747, 751 (7th Cir. 2006))), *appeal dismissed* (June 16, 2015), *aff'd sub nom. Egan v. Pineda*, 808 F.3d 1180 (7th Cir. 2015).

*See* (ECF 471, ¶ 13). The Boggesses also accuse counsel for Bykowski of delay: "Never once did Mr. Bykowski's counsel intimate to the court or to the Boggesses' counsel that he was reconsidering or would reconsider the Third Party Complaint in light of the Motion to Dismiss or safe harbor draft sanctions motion." *Id*. But counsel for Bykowski was entitled to use the time until his deadlines to decide how to proceed. The day Bykowski's response to the Motion to Dismiss was due (December 22, 2016) was well within the 21 days Bykowski's counsel had to take action based on the safe harbor notice (December 26, 2016). There is nothing untoward or sanctionable about the timing of Bykowski's voluntary withdrawal of the Third Party Complaint. Nor do the Boggesses offer any law or analysis that counsel for Bykowski was required to act more quickly than the allotted 21 days (even though he did) simply because the Boggesses chose to file a Motion to Dismiss before serving the safe harbor letter, especially given that Bykowski had already been granted an extension of time to respond to the Motion do Dismiss.

The instant Motion for Sanctions also invokes the Court's inherent authority to punish misconduct of attorneys practicing before it. Under its inherent powers, a court may "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (internal quotation marks omitted) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)). In *Chambers*, the United States Supreme Court explained that, "when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." 501 U.S. at 50. The Seventh Circuit Court of Appeals has clarified that, "when the court chooses to exercise its inherent power, it should explain 'why Rule 11 was inadequate to serve [its] purposes.'" *United States v. Rogers Cartage Co.*, 794

F.3d 854, 863 (7th Cir. 2015) (quoting *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1059 (7th Cir. 1998)). The Boggesses have not argued that counsel for Bykowski acted in bad faith. And, even if the Boggesses could show that counsel for Bykowski acted in bad faith, vexatiously, wantonly, or for oppressive reasons, Rule 11 was utilized and served its purpose. The potentially sanctionable conduct was the filing of the Third Party Complaint, which Bykowski voluntarily dismissed within the safe harbor period under Rule 11. Thus, sanctions under the Court's inherent authority are not warranted.

Finally, the Court clarifies that this ruling does not constitute an opinion on the merits of the Third Party Complaint. Because the Court does not reach the merits of the Third Party Complaint, the Court need not consider the Exhibits to the Boggesses' Reply Brief, and the Motion to Strike is moot.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Eric and James Boggess' Motion for Sanctions [DE 471] and **DENIES as moot** the Motion to Strike Exhibits 3, 4, and 5 to Reply Memorandum in Further Support of Eric and James Boggess' Motion for Sanctions [DE 483].

SO ORDERED 13th day of April, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT