# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| APEX COLORS, INC. ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 2:14-CV-273-PRC |
| ) | |
| CHEMWORLD INTERNATIONAL LIMITED, ) | |
| INC., CHEMWORLD INTERNATIONAL ) | |
| LIMITED, LLC, ATUL MODI, MANOJ MODI, ) | |
| and PAUL BYKOWSKI, ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Order to Compel Supplemental Production of Finos Documents and Forensically-Imaged Hard Drive of Molnar Computer [DE 562], filed by Defendants Paul Bykowski, Atul Modi, Manoj Modi, Chemworld International Limited, Inc., and Chemworld International Limited, LLC on February 14, 2018. Plaintiff Apex Colors, Inc. filed a response on February 27, 2018, Defendants filed a reply on February 28, 2018, Apex filed a sur-reply on March 1, 2018, and Defendants filed a sur-response on March 1, 2018.

## BACKGROUND

Finos LLC's members were Apex Colors, Inc. and Jim and Eric Boggess. In October 2012, Finos LLC was dissolved. The terms of the settlement agreement governing the dissolution provide that the documents and data in the physical possession of Jim and Eric Boggess became their property: "[A]s of the Effective Date the Trustee shall assign to and the Boggesses and/or Boggess Holdings will have *the right to retain and use* those assets of Finos that the Trustee or the Boggesses have in their possession or control, including but not limited to the inventory, cash and accounts receivable." (Preliminary Injunction Hearing Ex. 13); (ECF 574) (sealed). The Boggesses moved at least some, if not all, of the property in their physical possession to their business location in

Kentucky. The item in dispute on the instant motion is a computer used by Chris Molnar when he was working for Finos ("Finos computer"), which was in the possession of the Boggesses at the time of the dissolution and became the Boggesses' property.

During the course of discovery in this case, Apex learned that the Finos computer was in the possession of the Boggesses, who are not parties to this litigation. Having served the Boggesses with a subpoena for materials relevant to this litigation and having instituted a subpoena enforcement action, Apex communicated with the Boggesses in mid-August 2017, asking for full access to the entire Finos computer without search term limitations on the basis that it was a computer used at Finos by a Finos employee. (ECF 571-1, Ex. A, p. 2-3). Later in August, the Boggesses confirmed that they were able to get the computer running such that third-party vendor One Source should be able to image the computer directly and proposed that, with Apex's consent, One Source proceed to image the computer. *Id.* at p.1. However, the Boggesses proposed that One Source run a date filter and provide all documents and files dated prior to October 31, 2012, the approximate date that the Finos computer was transferred from the Finos facility in Portage, Indiana, to the Boggesses' facility in Kentucky. The end-date filter was proposed by the Boggesses because, after that date, the Finos computer was used for a limited time by NeoNos. *Id.* NeoNos is a competitor of both Apex and Defendants. Apex agreed, and One Source proceeded to image the computer, to run the October 31, 2012 end-date filter, and to produce the data to Apex. *Id.*; (ECF 562-3, Ex. C, p. 1).

On October 5, 2017, Apex informed Defendants that "One Source has imaged and is providing us with the computer used by Chris Molnar. It is Attorneys Eyes Only for Defendants. If you would like a copy you can order it through Jason Hale (copied here). Please discuss cost and delivery options with him." (ECF 562-3, Ex. C, p. 1).

2

On October 11, 2017, Defendants contacted Jason Hale, writing that Defendants understood that "you have imaged Chris Molnar's computer from Finos, LLC," that Defendants would like a copy, but that Defendants would like a cost and shipping estimate. The same date, Hale responded, "To clarify, are you asking for the data production that was provided to [counsel for Apex] or the forensic image of the computer? The data provided to [counsel for Apex] was a subset of the data stored on the computer." (ECF 562-4, Ex. D, p. 1).

A month later, on November 12, 2017, Defendants contacted Jason Hale, asking for the cost of both the data production to counsel for Apex and as well as the cost for the entire forensic image. (ECF 562-5, Ex. E, p. 1). On November 14, 2017, Hale provided the cost for each of the two options. (ECF 562-6, Ex. F, p. 1).

On November 14, 2017, counsel for the Boggesses asked Jason Hale to confirm that the same date filter that was used to provide documents to counsel for Apex would be used in providing a full forensic image to Defendants. (ECF 562-7, Ex. G, p. 1). Hale clarified that a full forensic image would include all files on the system, regardless of the date or type. *Id*. Hale explained, "If we're limited to turning over files based on date, etc., a copy of the production previously provided to [counsel for Apex] would probably be best." *Id*. Counsel for Defendants was copied on this email from Hale. *Id*.

Based on the documentation before the Court, the next contact by Defendants regarding the Finos computer occurred on February 12, 2018, when counsel for Defendants sent an email to counsel for Apex, counsel for the Boggesses, and Jason Hale in which Defendants assert that they believe that they are entitled to the entire forensic image of the Finos computer as responsive to their 2014 and 2017 Requests for Production of Documents served on Apex. (ECF 562-8, Ex. H, p. 1).

3

Therein, Defendants contend either that Apex should review the forensic image and produce responsive documents to Defendants as a supplement or that the entire image should be turned over to Defendants for an independent review of the contents.

The same date, Apex responded that Apex agrees that Defendants have a right to what Apex received from the Rule 45 subpoena served on the Boggesses and that Apex believed that Defendants had received all the materials. (ECF 562-9, Ex. I, p. 2). Apex specified that it had received production on the Macola and Commence databases as well as from the Finos computer (at issue on this motion) and that it was Apex's understanding that the materials had either been provided to Defendants and/or that Defendants had been offered the materials for a production fee payable to One Source. *Id*. Apex objected that Defendants had no basis for asserting a right to more materials than what Apex received through the subpoena. *Id*. Apex noted that Defendants chose not to enforce their own subpoena against the Boggesses. *Id*.

Apex also informed Defendants that Apex does not have control over Eric Boggess' property or anything in Eric Boggess' possession as of the signing of the settlement agreement governing the dissolution of Finos, LLC. (ECF 562-10, Ex. J, p. 1); (ECF 571-1, Ex. B, p. 1). Apex reminded Defendants that Apex obtained access to some of the documents over Eric Boggess' objection, through motion practice before the Court. (ECF 562-10, Ex. J, p. 1); (ECF 571-1, Ex. B, p. 1). And, Apex reiterated that Apex has directed One Source to make available to Defendants what has been made available to Apex. (ECF 562-10, Ex. J, p. 1); (ECF 571-1, Ex. B, p. 1).

Defendants then filed the instant motion to compel.

**ANALYSIS**

In the instant motion, Defendants ask the Court to compel Apex to produce to Defendants the full forensic image of the Finos computer hard drive.[1] Defendants argue that the full forensic image of the Finos computer is responsive to requests for production of documents served by Defendants on Apex in 2014 and 2017; that Apex, as the Boggesses' former business associate at Finos, has "control" within the meaning of Federal Rule of Civil Procedure 34 over the Finos computer currently in the possession of the Boggesses; and that, as a result, Apex has a duty to produce the full forensic image of the Finos computer to Defendants.

Federal Rule of Civil Procedure 34 provides that a party may be compelled to produce electronically stored information "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The Seventh Circuit Court of Appeals has found that for purposes of Rule 34, "control" means "a legal right to obtain." *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'gs, Inc.*, 755 F.3d 832, 838-39 (7th Cir. 2014) (quoting *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004)). The burden is on the party seeking discovery to show that the nonmovant has control over the documents sought. *Williams v. Angie's List, Inc.*, No. 1:16-CV-878, 2017 WL 1318419, at *2 (S.D. Ind. Apr. 10, 2017) (quoting *McBryar v. Int'l Union of United Auto. Aerospace & Agr. Implement Workers of Am.*, 160 F.R.D. 691, 695 (S.D. Ind. 1993) (citing *Nat'l Util. Serv., Inc. v. Nw. Steel & Wire Co.*, 426 F.3d 222, 225 (7th Cir. 1970))).

---

[1] Although there appears to be some confusion as to whether one or two computers are at issue, the evidence of record and the briefing by the parties indicates that there is one Finos computer, formerly used by Chris Molnar at Finos and subsequently possessed by the Boggesses, at issue on this motion.

First, it appears that Defendants believe that there is something additional on the full forensic image of the Finos computer that is relevant to this litigation but that was not given to Apex as part of the production via One Source with the October 31, 2012 end-date limitation. (ECF 562-9, Ex. I, p. 2). However, the correspondence between Apex, the Boggesses, and One Source indicates that the only limitation on the production to Apex from the full forensic image of the Finos computer was the October 31, 2012 end-date limitation. And, Defendants have not argued that they are entitled to information dated after October 31, 2012, at which point the computer was in the possession and control of and was being used by the Boggesses and/or NeoNos, who are not parties to this litigation.

Second, the evidence before the Court is that Defendants have been given or given access to all of the documents, data, and forensic images that Apex has obtained from the Boggesses through the subpoena enforcement action by Apex against the Boggesses, including the production from the Finos computer. Apex was *not* given a full forensic image of the Finos computer hard drive. Thus, Apex has fulfilled its obligation under Rule 34 with regard to the information it obtained through the subpoena served on the Boggesses.

Third, Defendants have not met their burden of showing that Apex "controls" information, documents, data, or physical property in the possession of the Boggesses. Defendants argue that the hard drive of the Finos computer, which is in the possession of third parties Jim and Eric Boggess, is in Apex's "control" within the meaning of Rule 34 because Apex was previously in business with Jim and Eric Boggess as joint members of Finos, LLC from 2002 to 2012. In other words, Defendants argue that Apex must produce responsive documents in the possession of "Apex's former business partners" beyond those that Apex has obtained through its own non-party discovery efforts. (ECF 563, p. 1).

Defendants offer no evidence or legal authority that Apex, as a former member of Finos, LLC, has "control" within the meaning of Rule 34 over the Finos computer that is now rightfully in the possession and control of the Boggesses as provided for in the Finos, LLC dissolution settlement agreement. The Boggesses are Apex's *former* business partners; there is no evidence that Apex has any control over the Boggesses' current business. Moreover, the Finos dissolution and the related settlement agreement occurred in October 2012, well before this litigation was instituted; there is no evidence that Apex entered into the Finos, LLC dissolution settlement agreement in October 2012 for the purpose of transferring property into the possession of the Boggesses to avoid Apex's Rule 34 obligations in this litigation, which was filed in 2014. To the extent Defendants seek additional information from the Boggesses not in the current possession of Apex obtained through the subpoena enforcement action (all of which has been made available to Defendants), Defendants should have sought the information directly from the Boggesses. It appears that Defendants did not do so.

Finally, in the prayer for relief in its motion, Defendants ask the court to order Jim and Eric Boggess to relinquish possession of all Finos data and documents in their possession and return them to Apex to be used as evidence in this suit. However, Defendants have not brought the instant motion against the Boggesses. Any relief sought by Defendants in this motion against Jim and Eric Boggess is not properly before the Court.

The Court denies the Motion to Compel.

In its response brief, Apex asks that Defendants be required to pay Apex's fees and costs associated with having to respond to the motion under Rule 37 and/or 28 U.S.C. § 1927. Defendants do not respond to this request. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), which

governs when a motion to compel is denied, the Court awards Apex its reasonable expenses incurred in responding to the motion. The motion was neither substantially justified nor do other circumstances make an award of expenses unjust. The Court finds that additional sanctions requested by Apex based on Defendants' Local Rule 37-1 certification are not warranted.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion for Order to Compel Supplemental Production of Finos Documents and Forensically-Imaged Hard Drive of Molnar Computer [DE 562].

The Court **ORDERS** that Defendants **PAY** Plaintiff its reasonable expenses incurred in opposing this motion and **ORDERS** Plaintiff to **FILE**, on or before, **March 22, 2018**, a verified itemized statement of reasonable expenses incurred in opposing this motion, including the expenses incurred related to the Motion for Leave to File Sur-Reply and to the Sur-Reply.

So ORDERED this 8th day of March, 2018.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT