# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| APEX COLORS, INC., <br>     Plaintiff, <br><br> v. <br><br> CHEMWORLD INTERNATIONAL LIMITED, <br> INC., ATUL MODI, MANOJ MODI, and <br> PAUL BYKOWSKI, <br>     Defendants. | CAUSE NO.: 2:14-CV-273-PRC |

## OPINION AND ORDER

This matter is before the Court on (1) "Defendants' Motion to Strike the Verification of Will Koenig [DE-632-1] and Bar Koenig From Offering Expert Testimony Due to Apex's Failure to Make Disclosures" [DE 708]; (2) "Defendants' Rule 59(e) Motion to Alter or Amend the Default Judgment [DE-707] Due to Manifest Error of Fact and Law and to Prevent Manifest Injustice" [DE 711]; and (3) "[Defendants'] FRCP 55(c), or Alternatively, FRCP 60(b) Motion to Vacate Default" [DE 713], filed by Defendants on October 14, 2018, October 16, 2018, and October 17, 2018, respectively. Plaintiff Apex Colors, Inc. ("Apex") filed a consolidated response brief on October 25, 2018, and Defendants filed reply briefs on October 26, 2018, October 28, 2018, and October 29, 2018.

## BACKGROUND

On April 20, 2018, Apex filed a "Motion for Sanctions up to and Including a Default Judgment and for Related Evidentiary Hearing." (ECF 601) (hereinafter the "April 20, 2018 Motion for Sanctions"). One of the several discovery issues raised by Apex as a basis for seeking the sanction of default judgment was that Defendant Paul Bykowski had failed to comply with the Court's April 13, 2015 Order to surrender any color computers that he used at Apex from May to

September 2012. *See* (ECF 602, pp. 6-8). In support of the argument, Apex relied on the April 6, 2016 Verification of Will Koenig, attached as Exhibit C to the motion. *See* (ECF 602, p. 7; Ex. C). Apex argued that, although Bykowski turned over the Weadon color computer in response to the Court's April 13, 2015 Order, Will Koenig determined that the computer had not been used between May and September 2012; thus, Apex argued that Bykowski did not turn over the color computer he actually used during those months, depriving Apex of the computer records of the tests Bykowski ran during that relevant time period. *See* (ECF 602, pp. 2, 3, 4, 6-8, 17, 18, 19, Ex. C). Apex made the argument in Section D, titled "Bykowski's defiance of this Court's Order to surrender all color computers used between May and September 2012." *See* (ECF 602, p. 6).

On May 21, 2018, the Court struck Apex's April 20, 2018 Motion for Sanctions with leave to refile because an intervening Court ruling barring one of Apex's computer spoliation experts significantly impacted the motion. On May 22, 2018, Apex refiled the "Motion for Sanctions up to and Including a Default Judgment and for Related Evidentiary Hearing" (hereinafter the "May 22, 2018 Motion for Sanctions"), having removed the argument related to the barred expert but otherwise restating the arguments previously made. *See* (ECF 631, 632). Relevant to the instant motions, Apex made the identical argument regarding Bykowski's failure to produce the color computers he used from May to September 2012 at Apex, again relying on Will Koenig's April 6, 2016 Verification, which Apex again attached as Exhibit C. *Compare* (ECF 602, pp. 2, 3, 4, 6-8, 17, 18, 19, Ex. C), *with* (ECF 632, pp. 2, 3, 4, 6-8, 16, 17, 18, Ex. C).

On June 1, 2018, the Court stayed the briefing on the May 22, 2018 Motion for Sanctions to allow for ruling on a pending motion to bar Apex's second computer spoliation expert. On June 2, 2018, the Court granted the motion to prohibit Apex's second computer spoliation expert and

2

lifted the stay of briefing on Apex's May 22, 2018 Motion for Sanctions, setting a July 17, 2018 deadline for Defendants' response brief.

On July 15, 2018, Defendants timely filed their response to the May 22, 2018 Motion for Sanctions. *See* (ECF 662). However, Defendants did not address, explain, or defend against Apex's argument regarding Bykowski's compliance with the Court's April 13, 2015 Order to turn over the color computers he used at Apex between May and September 2012. Moreover, Defendants neither acknowledged Apex's reliance on Will Koenig's April 6, 2016 Verification nor raised any objection to Koenig's Verification.

On July 23, 2018, Apex filed a reply in support of the Motion for Sanctions, reasserting the arguments made in the opening brief, including those related to Bykowski's production of the color computers, and again referencing Will Koenig's Verification. *See* (ECF 667, pp. 3, 4, 5-6, 8, 9).

On August 2, 2018, Defendants filed a Motion to Strike those portions of Apex's reply brief that reference the color computers and Koenig's Verification, substantively responding to the issue for the first time. *See* (ECF 672). In support, Defendants attached a declaration from Bykowski attempting to explain the lack of color data on the Weadon computer. Defendants did not raise any Rule 26(a)(2) objection to Koenig's Verification. Apex filed an opposition to the motion, noting that Apex raised the issue of the color computers and Koenig's Verification in the Motion for Sanctions and objecting that Defendants had waived the issue by failing to address it in response to the Motion for Sanctions. *See* (ECF 675). Defendants then filed a reply, reiterating the arguments made in the Motion to Strike. *See* (ECF 676). On October 5, 2018, the Court denied Defendants' Motion to Strike, finding that Defendants had waived the opportunity to contest Apex's argument regarding

the color computers and Koenig's Verification by failing to raise the arguments in response to the May 22, 2018 Motion for Sanctions. (ECF 707).

In the same October 5, 2018 Opinion and Order, the Court granted Apex's Motion for Sanctions, awarding a sanction of default judgment under Federal Rule of Civil Procedure 37 against all Defendants for the egregious nature of Defendants' discovery conduct in this litigation. One of the numerous reasons for granting the sanction of default judgment, discussed in more detail below, was Bykowski's conduct in relation to the Court's April 13, 2015 Order to produce the color computers.

## ANALYSIS

In the three pending motions, Defendants contest the Court's acceptance of Apex's argument regarding Bykowski's production of the color computers and the Court's reliance on Apex's citation to Will Koenig's April 6, 2016 Verification in ruling on the Motion for Sanctions and imposing the sanction of default judgment. Defendants ask the Court to reassess its analysis on the Motion for Sanctions and vacate the sanction of default judgment.

As with the August 2, 2018 Motion to Strike Apex's Reply in Support of the Motion for Sanctions, Defendants waived the substantive arguments in these three motions regarding Bykowski's production of the color computers and Will Koenig's Verification by failing to raise them in response to Apex's May 22, 2018 Motion for Sanctions. *See Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 596 (7th Cir. 2017) (finding that it is "the very essence of waiver" to choose not to present evidence when given the opportunity (citing *Hardy v. City Optical Inc.*, 39 F.3d 765, 771 (7th Cir. 1994) ("In an adversary system, in which by its nature judges are heavily dependent on the lawyers to establish the facts upon which [a] decision will be based, the failure to reply to an

4

adversary's point can have serious consequences.")); *Palmer v. Marion Cnty.*, 327 F.3d 588, 597-98 (7th Cir. 2003) (finding that the plaintiff abandoned a claim not delineated in opposition to summary judgment); *Laborer's Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) (finding that arguments not presented to the district court in opposition to summary judgment are waived); *Wolotka v. Sch. Town of Munster*, 399 F. Supp. 2d 885, 900 (N.D. Ind. 2005) (finding that the plaintiff waived any objection to an argument in the defendant's motion to strike by failing to respond to it); *REP MCR Realty, LLC v. Lynch*, 363 F. Supp. 2d 984, 1015 (N.D. Ill. 2005) (holding that a plaintiff waived an argument he failed to raise in opposition to a motion for sanctions). The principle of waiver applies to *Daubert* motions challenging the admissibility of expert witness opinion testimony. *See United States v. Dish Network LLC*, 75 F. Supp. 3d 916, 920 (C.D. Ill. 2014) (citing *Questar Pipeline Co. v. Grynberg*, 201 F.3d 1277, 1289-90 (7th Cir. 2000) ("A party may waive the right to object to evidence on *Kumho/Daubert* grounds by failing to make its objection in a timely manner.")).

Defendants first had notice of Apex's argument that Bykowski did not comply with the Court's April 13, 2015 Order to turn over the color computers, including Apex's reliance on Will Koenig's April 6, 2016 Verification, when Apex filed its April 20, 2018 Motion for Sanctions. (ECF 601, 602). Although the April 20, 2018 Motion for Sanctions was stricken, Apex refiled the motion on May 22, 2018, and made the identical argument regarding the color computers, again relying on Koenig's Verification. Thus, Defendants were on notice a second time with the filing of the May 22, 2018 Motion for Sanctions. Yet, Defendants did not respond to the argument in their July 15, 2018 response brief. Defendants did not offer Bykowski's declaration or cite any other evidence to

5

contest Apex's argument regarding the color computers or Apex's reliance on Koenig's Verification. Thus, Defendants waived the arguments.

More importantly, the Court's thirty-one page Opinion and Order granting the Motion for Sanctions did not rely solely on Bykowski's conduct related to the Court's April 13, 2015 Order to turn over the color computers he used from May to September 2012. *See* (ECF 707). First, the Court acknowledged Defendants' representation that they "knowingly and willingly" adopted what they termed "a hard-ball litigation strategy" of "minimizing the disclosure" to their competitor Apex and that they "weathered monetary sanctions by adopting a scorched earth position in resisting discovery." *Id*. at pp. 2, 24. The Court then carefully set out the history of the conduct of both Defendant Paul Bykowski as well as the Chemworld Defendants (Chemworld International Limited, Inc., Atul Modi, and Manoj Modi). *See id*. at pp. 14-21. The Court noted that 411 of the 706 docket entries at the time related to discovery matters between Apex and Defendants, almost 60% of the docket entries. *Id*. at p. 25. The Court recognized that on seven occasions each, Bykowski and the Chemworld Defendants had been ordered to answer discovery or comply with previous Court orders related to discovery. *Id*. at p. 25. The Court counted ten motions to compel filed by Apex, with six against Bykowski, one against Chemworld International Limited, Inc., Atul Modi, and Manoj Modi jointly, and three against Chemworld International Limited, Inc., Atul Modi, Manoj Modi, and Bykowski jointly. *Id*. The Court noted that the two motions to compel filed by Defendants against Apex were denied, one of which required Defendants to pay Apex's motion-related fees. *Id*. The Court recognized that attorney fees were granted against Defendants on eight occasions, for a total of $25,755.02. *Id*. And the Court observed that it previously sanctioned Defendants on four occasions. *Id*. at pp. 25-26.

The Court found by a preponderance of the evidence that Defendants' ongoing and cumulative display of willfulness, bad faith, and fault throughout discovery in this case warrants the sanction of default judgment under Federal Rule of Civil Procedure 37. *Id*. at pp. 2, 24. The Court found that nothing about Defendants' conduct in this litigation can be described as a "mistake or careless." *Id.* at p. 24. On the merits of Apex's argument regarding Bykowski's production of color computers in relation to the Court's April 13, 2015 Order and the prejudice to Apex as a result, the Court found that Bykowski's conduct on its own would warrant the sanction of an adverse inference but that it was also one of the many "straws" that, in combination, warranted the sanction of default judgment. *Id*. at p. 23.

In the three pending motions, Defendants assert various legal theories to ask the Court to reconsider its ruling on sanctions based solely on the issue of the color computers. Having considered the motions, the Court finds that there is no basis to reconsider its October 5, 2018 Opinion and Order and denies all three motions. The Court addresses the legal bases raised in each motion in turn.

### A. Motion to Strike Verification of Will Koenig and Bar Koenig's Testimony for Non-Disclosure (ECF 708)

As set forth above, on May 22, 2018, Apex filed a Motion for Sanctions. (ECF 631). In the brief in support, Apex relied on the April 6, 2016 Verification of Will Koenig and attached the Verification as Exhibit C. *See* (ECF 632, p. 7; Ex. C). Defendants argue that, pursuant to Federal Rules of Civil Procedure 26(a)(2)(B) and (C), the Court should strike the Verification of Will Koenig and bar him from offering any expert testimony on the basis that Apex did not timely disclose Koenig as a specially retained expert for whom a report is required under Rule 26(a)(2)(B). *See* Fed. R. Civ. P. 26(a)(2)(B), (C).

Defendants have been aware of the existence of Will Koenig's April 6, 2016 Verification since May 17, 2016, when Apex produced the Verification to Defendants. *See* (ECF 709, p. 1). A year later, Apex again brought Will Koenig to Defendants' attention in its June 28, 2017 supplemental Rule 26(a) disclosures, listing "Will Koenig of Franklin Data, LLC, who may be called to give testimony consistent with the attached declaration" and attaching Koenig's Verification to the disclosures. (ECF 716, Ex. A, pp. 1, 3-4). Apex explicitly relied on Koenig's Verification in the original April 20, 2018 Motion for Sanctions and again in the refiled May 22, 2018 Motion for Sanctions, attaching the Verification to both motions. Thus, Defendants had been served with Koenig's Verification on four occasions prior to the June 29, 2018 *Daubert* motion deadline and prior to the filing of their July 15, 2018 response brief.

Defendants waived any objection to Apex's reliance on Will Koenig's April 6, 2016 Verification by failing to file a *Daubert* motion by the June 29, 2018 deadline and by failing to raise the Rule 26(a)(2) objection in their July 15, 2018 response to Apex's Motion for Sanctions or in a contemporaneously filed motion to strike. It was not until after the Court issued its October 5, 2018 ruling on the Motion for Sanctions that Defendants sought this relief pursuant to Rule 26(a)(2). In their reply brief in support of this motion, Defendants cite *Malibu Media, LLC v. Harrison*, No. 1:12-CV-1117, 2014 WL 5598582, *3 (S.D. Ind. Nov. 3, 2014), and *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998), to argue that the Court should not find waiver of Defendants' right to a Rule 26 report from Koenig. Although the court in both cases granted a motion to bar an expert disclosure for the failure to provide a report that complied with Rule 26, in both cases, there was no issue with the timing of the motion to bar the expert opinion. Defendants cite no authority that a finding of waiver is improper under the circumstances in the instant case.

Contrary to Defendants' assertion, Bykowski has not been denied "all opportunity to defend himself against the false and misleading characterization that Apex does not possess, currently, both color computers used by Bykowski during his tenure at Apex, and later, Finos." (ECF 709, p. 10); *see also* (ECF 719, p. 4) (contending that Apex has "[denied] Bykowski any opportunity to resolve" the issue of the color computers). Nor does the evidence support Defendants's argument that Apex ambushed Defendants or "willfully set a trap" and "lulled" Defendants into believing that Apex would not raise the issue of the color computers or Koenig's Verification. *Id*. at pp. 10, 11; (ECF 717, p. 3). Apex's disclosure to Defendants of Koenig's Verification in 2016 was explicit, as were Apex's color computer argument and reliance on Koenig's Verification in the two Motions for Sanctions. Defendants cannot claim surprise. Defendants also suggest that, if the Court had held a hearing on the Motion for Sanctions, as requested by Apex, Defendants would have had an opportunity to address Koenig's Verification. This argument is not well taken. In their response to the Motion for Sanctions, Defendants did not acknowledge or discuss Apex's request for a hearing. Nor did Defendants themselves ask for a hearing or in any way indicate that they wished to address the disclosure of Will Koenig and/or Koenig's Verification at a hearing.

Finally, Apex represents in its response brief that it has no intention of further relying on Koenig in this litigation. *See* (ECF 716, p. 17). Thus, to the extent Defendants are asking the Court to bar Apex from any further reliance on Koenig in this litigation, the request is moot.

The Court denies the Motion to Strike.

### B. Motion to Alter Judgment Pursuant to FRCP 59(e) (ECF 711).

In this motion, Defendants ask the Court to alter or amend the October 5, 2018 Opinion and Order under Federal Rule of Civil Procedure 59(e). Defendants argue that the Court misapprehended

9

the evidence relating to Bykowski's compliance with the Court's April 13, 2015 Order to turn over the color computers he used from May to September 2012.

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Although the Court granted the sanction of default judgment, no entry of judgment has been entered in this case, and Rule 59(e) does not apply. Therefore, the Court construes the motion as one for reconsideration of a non-final order under Rule 54(b). *See Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012). Courts apply the same standard for a motion to amend or alter judgment under Rule 59(e) and a motion to reconsider a non-final order. *See Ahnert v. Emp's Ins. Co. of Wausau*, Nos. 10-CV-156, 13-CV-1456, 2018 WL 2048379, at *3-4 (E.D. Wis. May 2, 2018) (collecting cases).

Reconsideration of a non-final order, such as the Court's October 5, 2018 Opinion and Order on the Motion for Sanctions is a matter of a district court's inherent power and is committed to a court's sound discretion. *Cima v. Wellpoint Health Networks, Inc.*, 250 F.R.D. 374, 386 (S.D. Ill. 2008). The Seventh Circuit Court of Appeals has cautioned that "motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res. Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998) (explaining that a Rule 59(e) motion may be granted when a party demonstrates that the discovery of new evidence, an intervening change in the controlling law, or a "manifest error of law" by the court warrant the alteration or amendment of a previous judgment); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (recognizing that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial

issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare."). Accordingly, a motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269-70 (7th Cir. 1996).

This motion is based entirely on argument and evidence that could have been presented to the Court in opposition to Apex's May 22, 2018 Motion for Sanctions but was not. Defendants had an opportunity to address any concerns with Apex's color computer argument and reliance on Will Koenig's Verification and to present Bykowski's explanation of the use of color computers at Apex from May to September 2012, but Defendants did not avail themselves of the opportunity. The Court did not misapprehend the evidence presented by Apex in its Motion for Sanctions, nor did the Court make a manifest error of law. And, Bykowski has not identified any evidence newly discovered since his July 15, 2018 response brief or the Court's October 5, 2018 Opinion and Order.[1]

---

[1] In the motions, Defendants cite a May 23, 2016 email from counsel for Apex to counsel for Defendants. *See* (ECF 709, p. 2); (ECF 713, p. 13). Defendants incorrectly characterize this email as an "admission" or "acknowledgment" by Apex of the truth of Bykowski's position regarding the color computers. The email is a recitation by counsel for Apex of her understanding of Bykowski's version of the facts related to the color computers. *See* (ECF 708, Ex. 5, p. 2).

Also, in this rule 59(e) motion, Defendants argue that the Court should reconsider its ruling to prevent a "manifest injustice." (ECF 713, pp. 8-10); (ECF 718, pp. 6-7). First, Defendants cite no law for this standard. Second, this argument is based on the misrepresentation that Apex's counsel made an "admission" regarding the color computers in the May 23, 2016 email. Defendants argue that it is unjust to allow Apex to raise this argument years after Apex was first aware of the issue. Once again, if Defendants wished to present the evidence Defendants now believe disproves Apex's position, Defendants had the opportunity to do so in opposition to the Motion for Sanctions but chose not to. Defendants fail to recognize that the Rule 59(e) standard, like the standard for reconsideration, does not provide an opportunity to raise an issue that could have been raised during the pendency of the motion. *See Caisse Nationale De Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269-70 (7th Cir. 1996); *see also Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012).

Finally, to the extent Defendants argue that the Court made a mistake of law by characterizing the color computer testing conducted in 2012 as "Apex/Finos business," (ECF 712, pp. 7-8), the Court made no finding of fact regarding which entity (Apex or Finos) owned the data on the color computers used between May and September 2012. That contested issue was not before the Court on the Motion for Sanctions, and the Court did not decide the issue.

The Court denies this motion for reconsideration.

### C. Motion to Alter Judgment Pursuant to Rule 55(c) or, alternatively Rule 60(b)(3) (ECF 713)

Again asking the Court to vacate its October 5, 2018 Opinion and Order granting the sanction of default judgment, Defendants seek relief in this third motion under the standards of Federal Rule of Civil Procedure 55(c) and Federal Rule of Civil Procedure 60(b)(3).

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In this instance, Rule 55(c) is inapplicable because there is no entry of default under Rule 55(a). Titled "Entering a Default," Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought *has failed to plead or otherwise defend*, and that failure is shown by affidavit or otherwise, the *clerk* must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). Defendants have not failed to plead or otherwise defend; Defendants answered Apex's Second Amended Consolidated Complaint on January 17, 2017, and have actively participated in this litigation. *See* (ECF 460). Apex did not seek an entry of default against Defendants under Rule 55(a). Rather, the Court granted the sanction of default judgment for discovery violations under Federal Rule of Civil Procedure 37. Thus, the elements of the standard for setting aside a Rule 55(a) entry of default, which Defendants address in their motion, are inapplicable. *See Cracco v. Vitran*

*Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (explaining that a party seeking to vacate an entry of default pursuant to Rule 55(c) prior to the entry of final judgment must show good cause for the default, quick action to remedy the default, and a meritorious defense to the complaint). Therefore, the Court denies Defendants' motion to the extent it is brought under Rule 55(c).

Federal Rule of Civil Procedure 60(b)(3) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To obtain relief under Rule 60(b)(3), a party must show that [he] has a meritorious claim that [he] was prevented from 'fully and fairly presenting' at trial as a result of the adverse party's fraud, misrepresentation, or misconduct." *Willis v. Lepine*, 687 F.3d 826, 833 (7th Cir. 2012) (citation and internal quotation marks omitted). Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (citing *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). "Rule 60(b) motions cannot be used to present evidence that with due diligence could have been introduced before judgment on the motion from which the party is seeking relief." *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000) (citing *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269).

Rule 60(b)(3) is not applicable in this instance because Rule 60(b) "is, by its terms[,] limited to 'final' judgments or orders and is inapplicable to interlocutory orders." *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 559 (7th Cir. 2016), *reh'g and suggestion for reh'g en banc denied* (Aug. 3, 2016) (finding that Rule 60(b) was not the proper vehicle for reconsidering an order denying class certification when no final judgment had been entered (internal quotation marks omitted) (quoting

*Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571 (7th Cir. 2006); citing *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (concluding that a motion to vacate an order granting summary judgment was not a Rule 60(b) motion since it was made before entry of final judgment); *Adams v. City of Chicago*, 135 F.3d 1150, 1153 (7th Cir. 1998))); *Malone v. Securitas Sec. Servs. USA, Inc.*, 669 F. App'x 788, 790 (7th Cir. 2016); *see also Everett v. Leading Edge Air Foils, LLC*, No. 14-C-1189, 2017 WL 2894135, at *3 (E.D. Wis. July 7, 2017) (finding that Rule 54(b) and not Rule 60(b) applied when the court had not entered a judgment adjudicating all of the claims and all of the parties' rights and liabilities) (citing *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986)). Rather, Rule 54(b) applies to a Court's reconsideration of non-final orders; the Court addressed reconsideration under Rule 54(b) in Part B above. Nevertheless, even if Rule 60(b)(3) were applicable in this instance, Defendants have not met the standard because they have not shown that Apex prevented them from presenting a full and fair defense to the argument regarding the color computers.

Invoking Rule 60(b)(3), Defendants argue that there is evidence from which the Court could conclude that, in bringing its May 22, 2018 Motion for Sanctions, Apex "intentionally or negligently misrepresented that Bykowski has willfully defied the Court's Order of April 13, 2015." (ECF 713, p. 8). In support, Defendants attach and cite the March 16, 2015 deposition testimony of Chris Molnar that he saw the color computer in the Portage laboratory in November 2012. Defendants contend this testimony supports the position that Bykowski was not in possession of the color computer. This is nothing more than a revival of an argument raised three years ago in the briefing on Apex's March 20, 2015 motion that resulted in the Court's April 13, 2015 Order that Bykowski turn over the color computers. (ECF 232, at pp. 3-4). To the extent that Molnar's deposition

testimony may have provided a response to Apex's May 22, 2018 Motion for Sanctions, Defendants waived the argument by not raising it in response to the Motion for Sanctions.[2] Contrary to Defendants' assertion, Apex did not prevent Defendants from responding to the argument. *See* (ECF 717, p. 4).

More importantly, nothing about how Apex presented the argument in its Motion for Sanctions demonstrates fraud, misrepresentation, or misconduct within the meaning of Rule 60(b)(3) because Apex did not prevent Defendants from fully and fairly presenting a meritorious defense to the arguments. As set forth repeatedly above, Apex explicitly made the argument regarding Bykowski's failure to produce the color computers and explicitly relied on Koenig's Verification in both the original April 20, 2018 Motion for Sanctions and in the refiled May 22, 2018 Motion for Sanctions. In both motions, Apex set forth the argument in the title of heading D in the brief as well as in the two pages of analysis under that heading. *See* (ECF 632, pp. 6-8). As noted earlier, on June 28, 2017, Apex disclosed Koenig to Defendants as a potential witness who may testify about the contents of his Verification. *See* (ECF 716, p. 10, n. 6; Ex. A). Chris Molnar's March 16, 2015 deposition testimony was available to and known of by Defendants prior to the filing of their July 15, 2018 response brief, yet they did not rely on it to challenge Koenig's Verification.

If Defendants believed that Apex had made a misrepresentation to the Court in the Motion for Sanctions, Defendants had the opportunity to make the argument in their response brief; they did

---

[2] In response to the instant motion, Apex briefly addresses the merits of Defendants' reliance on Chris Molnar's deposition testimony. Apex argues that Molnar's testimony that he saw the color computer in the Portage laboratory in November 2012 proves nothing because Bykowski did not leave Apex's employ for the second and final time until December 31, 2012, after which Apex contends the color computer was no longer in the Portage laboratory. *See* (ECF 716, p. 14). In their reply briefs to the Rule 59(e) motion and the instant motion, Defendants continue to rely on Molnar's deposition testimony without addressing the fact that Bykowski had access to the Portage laboratory through December 31, 2012. *See* (ECF 718, p. 2); (ECF 719, pp. 3-4, 5).

not. Defendants have not identified any fraud, misrepresentation, or misconduct that prevented them from responding to Apex's straightforward argument. *See Johnsson v. Steege*, No. 14 C 4858, 2015 WL 5730067, at *4 (N.D. Ill. Sept. 29, 2015) (rejecting a request for Rule 60(b)(3) relief when the claim of alleged fraud did not prevent the plaintiff from objecting to the settlement but instead was an attack on the settlement itself). Therefore, even if Rule 60(b)(3) were applicable, Defendants have not met their burden of demonstrating fraud, misrepresentation, or misconduct under Rule 60(b)(3). The Court denies the motion on this basis as well.

Finally, Defendants refer to the standard that applies when a court enters default judgment as a sanction under its inherent authority. *See* (ECF 713, p. 5); (ECF 717, p. 8). That standard is inapplicable as the Court sanctioned Defendants under Federal Rule of Civil Procedure 37 and not pursuant to the Court's inherent authority. *See* (ECF 707) (Court's October 5, 2018 Opinion and Order).[3]

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** (1) "Defendants' Motion to Strike the Verification of Will Koenig [DE-632-1] and Bar Koenig From Offering Expert Testimony Due to Apex's Failure to Make Disclosures" [DE 708]; (2) "Defendants' Rule 59(e) Motion to Alter or Amend the Default Judgment [DE-707] Due to Manifest Error of Fact and Law and to Prevent

---

[3] Moreover, Defendants incorrectly state that the Seventh Circuit Court of Appeal has not identified the standard of proof for a sanction of default judgment under Federal Rule of Civil Procedure 37. (ECF 719, p. 8). And, Defendants incorrectly cite the standard of "clear and convincing evidence" for the sanction of default judgment under the Court's inherent authority. *Id*. "In civil cases, the facts underlying a district court's decision to dismiss the suit or enter a default judgment as a sanction *under Rule 37 or the court's inherent authority* need only be established by a *preponderance of the evidence*." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 781 (7th Cir. 2016), *cert. denied*, No. 16-1418, 2017 WL 2339748 (U.S. Oct. 2, 2017) (emphasis added) (overruling *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003), which had previously declared the standard to be clear and convincing evidence). This Court explicitly set forth this "preponderance of the evidence" standard for the sanction of default judgment under Rule 37 in its October 5, 2018 Opinion and Order. *See* (ECF 707, pp. 2, 12, 14, 24) (quoting *Ramirez*, 845 F.3d at 781).

16

Manifest Injustice" [DE 711]; and (3) "[Defendants'] FRCP 55(c), or Alternatively, FRCP 60(b) Motion to Vacate Default" [DE 713].

So ORDERED this 31st day of October, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT